LE GIERSE & CO. v. GETZENDANER & FERRIS ET AL.

(No. 4564.)

LIEN, JUDGMENT — REQUISITES OF RECORD.— Interest in land under verbal agreement not subject to seizure and sale.

APPEAL from Ellis county.    Opinion by WATTS, J.

STATEMENT.— Appellants, Le Gierse & Co., as plaintiffs below, brought this suit on August 25, 1881, in the form of an action of trespass to try title, divest and vest title, etc., against Getzendaner & Ferris and others, defendants be low, to recover title to certain town lots in the town of Waxahatchie, Ellis county, Texas, setting out a full description of said lots, and claiming title to same by virtue of a sale under an execution issued out of the county court of Collin county, Texas, on a judgment in favor of Le Gierse & Co. v. Ingram & Co., on the —— day of January, 1881, an abstract of said judgment having been filed in the clerk's office of Ellis county, and recorded in judgment record book thereof, November 10, 1881, thereby creating a judgment lien on said property as the property of S. K. Ingram, defendant in execution, said Ingram having contracted, bought and paid H. H. Dunn for said property. That, by collusion and fraud of defendants, H. H. Dunn was induced to make deed to Getzendaner & Ferris on or about March 23, 1881, thereby defrauding plaintiffs of their just and equitable rights, acquired by virtue of their judgment and execution lien.

At the first regular court defendants Getzendaner & Ferris filed their original answer, September 9, 1881, pleading by general denial and general demurrer. At same term of court, on the 28th of September, 1881, said Getzendaner & Ferris filed their amended answer, pleading general demurrer and claiming all of said property in controversy except lot No. 25, in block No. 9; also general denial and plea of not guilty; and on said last date defendant H. H. Dunn filed his answer, presenting issues of general demurrer, general denial and disclaimer of all the lots in controversy except lot 25, block 9, and plea of not guilty. By agreement cause tried by the court, and judgment for defendant, from which plaintiffs, Le Gierse & Co., have appealed.

The first assignment of error is as follows: "The court erred in excluding and refusing to hear and consider as evidence the original abstract of judgment rendered in the county court of Collin county, in favor of plaintiffs and against S. K. Ingram and Thomas Gray, as shown by plaintiff's bill of exceptions No. 1, the same being a judgment properly placed on the abstract records in Ellis county, and thereby becoming a lien upon the lots in controversy."

OPINION.— One of the questions in this case is as to the effect of an omission to state in the abstract the amount still due upon the judgment. But if the abstract had been recorded in all respects as required by law, the judgment would not be reversed on account of the erroneous exclusion of the same.

Ingram, defendant in that judgment, never had any such interest in the land in controversy as would be the subject of seizure and sale, or to which a judgment lien would attach. He could not have maintained an action against Dunn for specific performance, or recovered of him the land. At most, it was a verbal agreement between Ingram and Dunn to convey land in consideration of labor to be performed.

In the case of Stevens v. Lee, it was held such an agreement could not be enforced.

JUDGMENT AFFIRMED.