SAM EVANS V. L. W. FRISBIE.

No. 7281.

1. **Judgment Lien — Registration.** — To give a judgment a lien it is necessary that an abstract of the judgment be recorded and indexed at a time when the judgment is not dormant. The record of a dormant judgment can not give a lien.

2. **Same—Fact Case.**—Judgment was rendered November 11, 1885. An abstract was filed September 24, 1887. It appeared that an execution issued upon the judgment in the year 1886. It did not appear, however, that it issued within twelve months of the judgment. *Held,* no lien was created by the registry.

3. **Abstract of Judgment—Amount Due.**—It seems that the omission to give a credit upon the abstract would be fatal to. the lien. The statute requires, among other things, that the abstract must show the amount due on the judgment.

APPEAL from Wichita. Tried below before Hon. P. M. STINE. No statement is necessary.

*Barrett & Eustis,* for appellant.—An abstract of judgment recorded and indexed creates a lien on all real estate of defendant in the county where the judgment is recorded, and a sale under execution relates back to the date of the registration of the judgment and conveys a title that

is superior to an unrecorded deed from defendant, of which plaintiff in execution had no notice at the time the judgment was registered. Rev. Stats., arts. 3159, 4332, 4334; Belbaze v. Ratto, 69 Texas, 639; Grace v. Wade, 45 Texas, 525; Wallace v. Campbell, 54 Texas, 89; Brothers v. Mundell, Munzesheimer & Co., 60 Texas, 246.

*Meade & Bomar* and *Hunter, Stewart & Dunklin,* for appellee.—1. A judgment lien is purely statutory, and can have no existence without a strict compliance with the terms of the statute creating it. Rev. Stats., art. 3155; Nye v. Moody, 70 Texas, 434; Le Gierse & Co. v. Getzendaner & Ferris, Texas Law Rev., No. 5, p. 423.

2.    The judgment under which appellant claims having been rendered on the 11th day of November, 1885, and the abstract of judgment not filed until the 24th day of September, 1887, it devolved upon appellant to show affirmatively that execution had issued on said judgment within twelve months from the date of its rendition, as in the absence of the issuance of execution on said judgment within the twelve months no lien could be created. Rev. Stats., art. 3160; Muller v. Boone, 63 Texas, 91.

STAYTON, CHIEF JUSTICE. —Appellee brought this action to recover two sections of land which in 1875 belonged to W. W. Purinton, from whom he deraigns title through deed made on January 26, of that year; but as the deeds through which he claims were recorded only in Clay County, it is claimed that appellant has superior right to the land, which is situated in Wichita County.

In 1885 the Panhandle National Bank obtained a judgment against Purinton, under which an execution issued in 1889, and appellant claims through a sheriff's deed made under a sale by virtue of that process; but before that execution was levied appellee had bought and was in possession of the land.

Appellant, however, claims that his right is superior by reason of the fact that an abstract of the judgment against Purinton was recorded in Wichita County on September 24, 1887, it being further claimed, that the chain of title through which appellee claims was not properly recorded in Clay County, the county in which the land was situated being unorganized.

It is urged by appellee, however, that if this be true, appellant can not recover, for two reasons.    The first of them is, because it was not shown that the judgment against Purinton was not dormant when an abstract of it was recorded.    The judgment against Purinton was rendered on November 11, 1885, but the abstract was not filed for record until September 24, 1887.    It does appear, that an execution issued on the judgment sometime in the year 1886, but it was not shown that this

was done until more than one year had elapsed after the judgment was rendered.

Appellee showed a complete chain of title to himself, and to defeat this it was incumbent on appellant to prove such facts as would give to him superior right, and he depended upon the acquisition of a judgment lien to do this. To give judgment lien it was necessary that an abstract of the judgment should have been recorded and indexed at a time when the judgment was not dormant; for the record and index of a dormant judgment can not give lien. If a lien has been acquired by the record and index of a judgment within twelve months after its rendition, this will be lost if execution be not issued within that time. Rev. Stats., art. 3160. The judgment in such case becomes dormant, and the record and index of it subsequently made confers no lien. Muller v. Boone, 63 Texas, 91; Anthony v. Taylor, 68 Texas, 405; Railway v. Aiken, 71 Texas, 373.

To acquire a lien by the record of a judgment there must be at least a substantial compliance with the statute. Nye v. Moody, 70 Texas, 434.

The statute, among other things, provides, that the abstract shall show "the amount for which the same was rendered and the amount still due upon the same." Rev. Stats., art. 3155. At the time the abstract in question was filed for record money had been collected on it by execution, but the abstract showed that the entire judgment was still due and that nothing had been collected under it.

In the case of Le Gierse & Co. v. Getzendaner, 5 Texas Law Review, 549, it was held by the Commission of Appeals, in a consent case, that such record of an abstract would not give lien; and for the reasons given in that case we see no reason to doubt the correctness of the decision.

The statute provides how the satisfaction of a judgment in whole or in part may be shown on the record in which the abstract is recorded, and it is made the duty of the clerk to enter such credits when they are shown. Rev. Stats., arts. 3161, 3162.

In May, 1888, a credit of $71.07 on the judgment was entered on the record where the abstract of the judgment was recorded; and it is insisted, if the record of the abstract did not give lien from the time it was recorded and indexed, that this validated the record and would give lien from the time the credit was entered.

It is not necessary in this case to decide whether lien would exist from the time such credit was entered, if this embraced the credits existing when the abstract was recorded; for if this be conceded, for the reasons first given, appellant did not show that the judgment through which he claims was not dormant when the abstract was recorded.

We have not deemed it necessary to consider the validity of the record of deeds, through which appellee claims, that was made in Clay

County; nor do we understand that this was desired; but conceding for the purposes of this case that such registration was not valid, still the judgment must be affirmed for the reasons before stated. It is so ordered.

*Affirmed.*

Delivered April 15, 1892.