AINSWORTH v. DORSEY.    (No. 5725.)

(Court of Civil Appeals of Texas.  Jan. 19, 1917.)

1. HOMESTEAD ⊕=55 — ACQUISITION — JUDGMENT DEBTOR.

Where a judgment debtor bought land for the purpose of making it his homestead, and took possession and used it for that purpose as soon as he could lawfully obtain possession, the property was not subject to forced sale, although execution was levied upon it before there was any use of it by the debtor as a homestead, since the law allows the debtor in such cases a reasonable time to take possession, and nothing the creditor may have previously done can abridge his right in that respect.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 77–80; Dec. Dig. ⊕=55.]

2. JUDGMENT ⊕=768(1) — LIEN — REGISTRATION—SUFFICIENCY.

Under the statute requiring an abstract of judgment to show the amount for which it was rendered, and the amount still due, where an abstract failed to show the correct amount due upon a judgment because no allowance was made for a payment after judgment was rendered, the registration of such abstract did not fix the lien.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1325; Dec. Dig. ⊕=768(1).]

3. HOMESTEAD ⊕=171—ABANDONMENT.

The conveyance of homestead property to a third person to enable the grantor to borrow money from a bank and which was not intended to vest in the third person any beneficial right to the land was not an abandonment of the homestead.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 338; Dec. Dig. ⊕=171.]

4. APPEAL AND ERROR ⊕=931(9) — REVIEW — PRESUMPTION.

Although the failure of the court to file conclusions of law and fact was not shown by a bill of exceptions, where the judgment contained a recital to the effect that when the judgment was rendered the defendant requested the court to make and file such findings, and the transcript does not contain any such findings, the appellate court will assume that none were filed.

[Ed. Note.—For other cases, see Appeal and Error, Cent.Dig. §§ 3770, 3771; Dec.Dig. ⊕=931(9).]

5. APPEAL AND ERROR ⊕=544(1) — REVIEW — BILLS OF EXCEPTION—REVERSIBLE ERROR.

Although when it is shown by bill of exception that timely request that the trial court file findings of fact and law was made, refusal of the trial judge to file such conclusions constitutes reversible error, where no bill of exceptions was taken to the court's refusal of defendant's timely request for conclusions of fact and law, and there is no verified statement in the record that defendant or his counsel were misled or prevented from presenting the bill of exceptions relating to the matter, the defendant may not have the case reversed because no conclusions of fact and law were filed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2424; Dec. Dig. ⊕=544(1).]

Appeal from District Court, Falls County; Geo. H. Carter, Special Judge.

Suit for injunction by Columbus Dorsey

against B. W. Ainsworth. Judgment for plaintiff, and defendant appeals. Affirmed.

W. E. Rogers, of Marlin, and W. L. Eason, of Waco, for appellant. Nat Llewellyn, of Marlin, for appellee.

KEY, C. J. On May 13, 1914, B. W. Ainsworth recovered judgment in the county court of McLennan county against Columbus Dorsey for $533 and costs of suit. On the 16th day of June, 1914, an execution was issued upon that judgment, and on the same day the sheriff of McLennan county made his return thereon, stating that no property of the defendant had been found in that county subject to execution. By the will of Green Harrison, which was probated on October 20, 1914, a life estate in 110 acres of land in Falls county was bequeathed to Mrs. Anna Harrison, the surviving wife of Green Harrison, the will stipulating that after her death title to 25 acres thereof should vest in Columbus Dorsey, and the latter is the subject-matter of this suit. On the 24th day of December, 1915, Ainsworth caused another execution to be issued upon the judgment referred to, and on the same day that writ was levied upon the land in controversy, whereupon Dorsey brought this suit in the district court of Falls county, and sought an injunction for the purpose of preventing the sale of the land referred to, upon the ground that it was his homestead and exempt from forced sale. Other facts will be stated hereafter. There was a nonjury trial, which resulted in a judgment in favor of Dorsey and restraining further proceedings for the purpose of selling the land in satisfaction of Ainsworth's judgment against him, and Ainsworth has appealed.

[1] Under the first assignment of error, appellant presents the contention that he was entitled to judgment because he made a prima facie case by showing that he had obtained a moneyed judgment against appellee, that the same was kept alive by the issuance of execution thereon within one year from its date, and that he had fixed a lien on the land in controversy (1) by having an abstract of his judgment against Dorsey recorded and indexed in Falls county on November 20, 1915, and (2) that he had fixed another lien upon the land by having execution levied thereon, and the proof failed to show that appellee had any homestead rights in the land at the time appellant's liens were fixed. The proof does show that appellant had an abstract of his judgment recorded and indexed in Falls county on November 20, 1915; and it also shows that appellee did not take possession of the land until after the 1st of January, 1916, and that he did no work and made no improvements thereon until after the 24th day of December, 1915. The proof also shows that Mrs. Harrison, who sold her life estate in the land to appellee by deed dated December 2, 1915, had leased the land to a tenant for that year, and that although ap-

pellee purchased Mrs. Harrison's life estate on December 2, 1915, he had no right to possession of the land until after the 1st of January, 1916, whereupon, and within a reasonable time, he took possession of the same, moved his family thereon, and has since then occupied it as his homestead. The proof also warranted the trial court in finding that appellee negotiated with his aunt, Mrs. Harrison, for the purchase of her life estate in the property in June, 1915, and that he did so and subsequently purchased it with the intention of making it his homestead.

In Gardner and Wife v. Douglass, 64 Tex. 76, the proof showed that a lot, on which stood a dwelling house, was purchased nearly three months before the expiration of a lease to a third party, who continued to occupy it until the expiration of the lease. The purchaser declared his intention to his wife, and to no one else, to make the property his homestead, and it appeared that he could not obtain possession before the expiration of the lease. On the expiration of the lease he removed to and occupied the dwelling thereon. An injunction was sought to restrain the sale of the property under execution issued on a judgment which was rendered against the purchaser before the date of his purchase, and the Supreme Court held that the property was protected by the statute which exempts the homestead from forced sale. That case, it seems to us, is analogous to and decisive of this case. In that case, as in this, the judgment debtor bought the land for the purpose of making it his homestead, took possession of it, and used it for that purpose as soon as he could lawfully obtain such possession; and it was held in that case, as it seems to have been held by the learned trial judge in this case, that the property was not subject to forced sale, though execution was levied upon it before there was any use of it by the debtor as a homestead. In this case the fact that the creditor had an abstract of his judgment recorded (as well as having an execution levied) before the debtor took possession of the property takes it out of the rule announced in the other case. The reason why such property is held to be exempt from forced sale is that when the law exempts property as a homestead, it allows the debtor, when he purchases property with the intention of making it his homestead, a reasonable time to take possession and use it for that purpose, and nothing which the creditor may have previously done can abridge the debtor's right in that respect.

[2] Furthermore, the abstract of judgment which appellant caused to be recorded in Falls county gave the amount shown by the face of the judgment, which was $533, as the amount then due, and stated that there were no credits thereon; whereas there was testimony sufficient to show (and we presume the trial court found in accord-

ance with that testimony) that appellee had made a payment upon the judgment, consisting of one bale of cotton worth $38 or $39. The statute requires the abstract of judgment to show "the amount for which the same was rendered, and the amount still due upon the same"; and in the case of Evans v. Frisbie, 84 Tex. 341, 19 S. W. 510, it seems to have been held that when an abstract fails to show the correct amount due upon a judgment, because no allowance is made for a payment after the judgment was rendered, the registration of such abstract will not fix a lien. So it seems that the abstract which was recorded in this case was insufficient to fix a lien upon the land in controversy, regardless of the question of homestead. That objection, however, does not apply to the execution and the levy thereof upon the land, which levy was made after appellee became the full owner, and before he took possession, of the property. But, for the reasons heretofore stated, and upon the authority of Gardner v. Douglass, supra, we hold that appellee's homestead right related back to the time of his purchase from Mrs. Harrison; and that, inasmuch as he purchased the property for a homestead, and took possession thereof within a reasonable time after his right to possession accrued, the levy of execution upon it did not create a lien superior to his homestead right.

[3] We note appellant's contention that, inasmuch as appellee and his wife executed a deed conveying the property to a third person soon after appellant's execution was levied upon it, the trial court was not justified in holding that appellee was entitled to have it protected as his homestead. There was testimony, given by both appellee and the person to whom he and his wife conveyed the land, which justified the trial court in reaching the conclusion that the transaction referred to was not intended to vest in such third person any beneficial right to the land, but was resorted to at the suggestion of a banker to enable appellee to borrow money from his bank. If the conveyance of the property to such third person was made for the purpose referred to, and not for any other purpose, we see no reason why appellee is not entitled to assert his homestead right as against appellant. In other words, if it was not intended to and did not prevent appellee from using the property as his homestead, then it does not prove that he abandoned his homestead rights.

[4] Appellant has also assigned error because the trial judge failed to file conclusions of fact and law. The failure referred to is not shown by a bill of exception, but the judgment contains a recital to the effect that when the judgment was rendered, appellant requested the court to make and file such findings; and, as the transcript does not contain any such findings, we assume that none were filed.

[5] It has been decided by our Supreme Court that, when it is shown by bill of exception that timely request is made, and the trial judge refuses to file conclusions of fact and law in all cases tried without a jury, such refusal constitutes reversible error, unless it is made to appear from the judge's qualification of the bill or otherwise that it was through no fault of his that such conclusions were not filed. In this case no bill of exception was taken, nor is there any verified statement in the record, made by appellant or his counsel, to the effect that they were misled and thereby prevented from presenting a bill of exception relating to the matter until after the time had expired for filing bills of exception. In other words, if it had been made to appear that the judge promised to make and file conclusions of fact and law after the adjournment of the court, and the appellant was thereby prevented from presenting a bill of exception within the time allowed by law, it may be that this court would hold that the question was properly presented; but such is not the condition of the record, and therefore, in fairness to the trial court, we feel constrained to hold that appellant is not entitled to have the case reversed because no conclusions of fact and law were filed. In replying to the assignment of error relating to this subject, appellee's counsel has stated in his brief that the trial judge offered to file conclusions of fact and law, and that the appellant stated, in substance, that he did not desire him to do so. That statement is not verified by the record, nor accepted by this court as a fact; but it will serve as an illustration of the proposition that something may have occurred after appellant made his request for conclusions of law and fact as shown by the judgment, which fully justified the trial judge in not filing such conclusions.

No reversible error has been pointed out, and the judgment is affirmed.

Affirmed.