### JOHN F. GRANT LUMBER CO. v. HUNNICUTT et al.

### No. 2228.

Court of Civil Appeals of Texas. Waco.

Oct. 17, 1940.

Wood, Morrow, Gresham & McCorquodale and Walter E. Boyd, all of Houston, for plaintiff in error.

J. G. Minkert, of Bryan, for defendants in error.

ALEXANDER, Justice.

This is a suit to foreclose an abstract of judgment lien. A trial before the court resulted in judgment for the defendants. The plaintiff has appealed.

Appellees have not favored us with a brief nor otherwise attempted to justify the judgment of the court. The only indications found in the record as to the apparent theory upon which judgment for appellees was rendered is that recited in the judgment.

One of the grounds recited in the judgment is that Dr. R. J. Hunnicutt, the judgment debtor, had, in good faith, conveyed the land in question to the other appellees in satisfaction of an old indebtedness to them, after the abstract of judgment had been recorded. Under our statutes, R.S. art. 5449, Vernon's Ann. Civ.St. art. 5449, the recording of an abstract of judgment creates a lien upon all of the debtor's property within the county from the time it is recorded and indexed. Necessarily, such lien is superior to the rights of subsequent purchasers and lienholders, for otherwise it would be of practically no value. 26 Tex. Jur. 395; Firebaugh v. Ward, 51 Tex. 409, 413; Estelle v. Hart, Tex.Com.App., 55 S.W.2d 510, par. 11. Therefore, under well-settled rules, the judgment debtor could not defeat the statutory lien by such a conveyance to his creditors, after the abstract of judgment had been recorded.

The second ground recited in the judgment is that there was a variance between the pleadings in the original suit in Harris county, where the judgment was obtained, and the terms of the judgment that was rendered thereon. It was recited that the pleadings in the original suit declared on a note bearing eight percent, whereas the judgment bore interest after its date at ten per cent per annum. We have not undertaken to determine whether such a variance would render

the judgment subject to collateral attack. It is sufficient to say that the pleadings in the original suit were not before the court upon the trial of this case. Such pleadings cannot be found either in the transcript or the statement of facts in this case. Since such pleadings were not before the court, there was no evidence of the alleged variance between the pleadings and the judgment rendered thereon in the original suit. Therefore, the judgment cannot be sustained on this ground.

The judgment of the trial court is reversed and the cause is remanded for a new trial.