**HOFFMAN, McBRYDE & CO., P.C. f/k/a Hoffman, Pederson & McBryde, P.C., Appellant,**

v.

**Edward HEYLAND, Appellee.**

No. 05–01–00240–CV.

Court of Appeals of Texas, Dallas.

April 11, 2002.

Richard B. Schiro, Law Office of Richard B. Schiro, Dallas, for Appellant.

Alan S. Trust, Trust Law Firm, P.C., Dallas, for Appellee.

Before Justices MOSELEY, O'NEILL, and MARTIN RICHTER.

## OPINION

Opinion By Justice MOSELEY.

An abstract of judgment must show, among other things, "the amount for which the judgment was rendered and *the balance due* ...." TEX. PROP.CODE ANN. § 52.003(a)(6) (Vernon 1995) (emphasis added). In this appeal we must determine whether that requirement refers to the balance due on the date the abstract was issued or the balance due on the date the abstract was filed. We hold that an otherwise properly issued, recorded, and indexed abstract of judgment that correctly reflects the balance due when it was issued creates a judgment lien under Texas law, even if the abstract does not reflect credits toward the satisfaction of the judgment arising after the abstract was issued and before it was filed. Therefore, we reverse the summary judgment entered by the trial court and remand the case for further proceedings.

### Facts

The facts critical to this case are undisputed. On October 9, 1992, appellant Hoffman, McBryde & Co., P.C. (HMCo) and Larry and Patricia Patrick entered into an agreed judgment in another case. The agreed judgment recites that HMCo was accepting $18,000 in satisfaction of its claims, the Patricks were paying $5,000 towards this amount, HMCo agreed to accept the $13,000 balance in either cash or painting services to be performed by Larry Patrick, a judgment was being entered for the $13,000 remaining owed, and the judgment would be abstracted and recorded in Dallas County.

An abstract of judgment was issued on October 26, 1992, which correctly stated: "There is now still due on said Judgment $13,000." However, HMCo did not immediately file the abstract of judgment for recording. During the next several years

after the abstract was issued, Larry Patrick provided services that HMCo admits were worth a cumulative credit of about $7,000 against the agreed judgment. On May 2, 1996, HMCo filed the abstract of judgment with the Dallas County Clerk, and the abstract was properly recorded and indexed. However, the abstract did not reflect the credits against the judgment that arose after it was issued.

A month after the abstract was recorded and indexed, the Patricks sold real property located in Dallas County to appellee Edward Heyland. However, HMCo's judgment was not satisfied from the proceeds of the sale. In December 1999 HMCo sued Heyland for a declaratory judgment and to foreclose its judgment lien against the property Heyland purchased from the Patricks.

Heyland moved for summary judgment. His sole ground was that, because HMCo's abstract of judgment did not reflect the credits that arose after it was issued but before it was filed and indexed, the abstract did not comply with the requirement that it show "the amount for which the judgment was rendered and the balance due." *See* Tex. Prop.Code Ann. § 52.003(a)(6). As a result, according to Heyland, the recorded and indexed abstract did not operate to create a valid judgment lien.

HMCo filed its own motion for summary judgment, seeking to enforce its judgment lien for the balance owed on its prior judgment against the Patricks (after adjusting for the credits and for the accrual of post-judgment interest). HMCo argued that it substantially complied with the property code requirements and specifically argued that its abstract of judgment complied with

all requirements of section 52.003(a), including subsection (a)(6). The trial court granted Heyland's motion and denied HMCo's motion, without articulating its reasons. HMCo brings this appeal, asking this Court to reverse the summary judgment entered below and to remand the case to the trial court.

## Standard of Review

The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). This Court reviews a summary judgment *de novo* to determine whether a party's right to prevail is established as a matter of law. *Foreness v. Hexamer*, 971 S.W.2d 525, 527 (Tex.App.-Dallas 1997, pet. denied). We uphold a summary judgment on any ground supported by the evidence and pleadings. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

## Judgment Liens

Judgment liens are governed by chapter 52 of the property code. Tex. Prop.Code Ann. ch. 52 (Vernon 1995 & Supp.2002). By way of a general summary,[1] section 52.001 provides that a "first or subsequent abstract of judgment, when it is *recorded and indexed in accordance with this chapter . . . constitutes a lien* on the real property of the defendant located in the county in which the abstract is recorded and indexed, including real property acquired after such recording and indexing." Tex. Prop.Code Ann. § 52.001 (Vernon 1995) (emphasis added). Section 52.004 requires

---

1. We do not address the effect of a judgment lien created pursuant to chapter 52 of the property code on homestead property. *See* Tex. Const. art. 16, § 50; Tex. Prop.Code Ann. ch. 41 (Vernon 2000 & Supp.2002). *See also In re Henderson*, 18 F.3d 1305, 1308–10 (5th Cir.1994).

the county clerk to "immediately record in the county real property records" each properly authenticated abstract presented for recording. At the same time the abstract is recorded, the clerk must enter on the alphabetical index of the real property records the name of each plaintiff and each defendant, and the volume and page or instrument number in the record in which the abstract is recorded. *Id.* § 52.004 (Vernon Supp.2002).

Satisfaction of the judgment, in whole or in part, can be shown by recordation of the return on an execution issued on the judgment, or by recording a receipt, acknowledgment, or release signed by the party entitled to receive payment on the judgment. *Id.* § 52.005. A judgment lien arising from a properly filed and indexed abstract lasts for ten years, unless the judgment becomes dormant. *Id.* § 52.006 (Vernon 1995). Whether the agreed judgment became dormant is not an issue in this appeal.

The contents of the abstract of judgment are prescribed by section 52.003. Subsection (a) states that an abstract of judgment must show:

(1) the names of the plaintiff and defendant;

(2) the birthdate and driver's license number of the defendant, if available to the clerk or justice;

(3) the number of the suit in which the judgment was rendered;

(4) the defendant's address, or if the address is not shown in the suit, the nature of citation and the date and place of service of citation;

(5) the date on which the judgment was rendered;

(6) the amount for which the judgment was rendered *and the balance due;*

(7) the amount of the balance due, if any, for child support arrearage; and

(8) the rate of interest specified in the judgment.

TEX. PROP.CODE ANN. § 52.003(a) (Vernon 1995) (emphasis added).

 Because a judgment lien is created by statute, substantial compliance with the statutory requirements is mandatory before a judgment creditor's lien will attach. *Citicorp Real Estate, Inc. v. Banque Arabe Internationale D'Investissement,* 747 S.W.2d 926, 929 (Tex.App.-Dallas 1988, writ denied). The purpose of the recorded and indexed abstract of judgment is to provide notice to subsequent purchasers of the existence of the judgment and the lien. *Id.* (citing *McGlothlin v. Coody,* 39 S.W.2d 133, 134 (Tex.Civ.App.-Eastland 1931), *aff'd,* 59 S.W.2d 819 (Tex. Comm'n App. 1933, judgm't aff'd. as recommended)). When properly recorded and indexed, an abstract of judgment creates a judgment lien that is superior to the rights of subsequent purchasers and lienholders. *John F. Grant Lumber Co. v. Hunnicutt,* 143 S.W.2d 976, 976 (Tex.Civ.App.-Waco 1940, no writ).

## Analysis

 Under the undisputed facts, HMCo's abstract of judgment was properly "recorded and indexed in accordance with [chapter 52 of the property code]" in Dallas County. This occurred before Heyland acquired title to the Patricks' Dallas County property. *See* TEX. PROP.CODE ANN. § 52.001. Also, under the undisputed facts, HMCo's abstract of judgment was correct when it was issued; it correctly showed the amount of the judgment was $13,000, and it correctly showed that the principal balance owed on the judgment was $13,000. Thus, there was nothing erroneous about HMCo's abstract of judgment as

issued, the manner in which it was issued, or the manner in which it was recorded and indexed. Therefore, as a matter of law, HMCo's issued, recorded, and indexed abstract of judgment substantially complied with chapter 52 of the property code, and thus constituted a lien on the Patricks' Dallas County property that arose before Heyland acquired title to that property. *See id.* § 52.001; *Citicorp Real Estate, Inc.,* 747 S.W.2d at 929.

We reject Heyland's argument that an abstract of judgment, although correct when issued according to section 52.003(a) and properly recorded and indexed according to section 52.004, nevertheless constitutes a nullity because it fails to reflect judgment credits that arose after the abstract was issued but before it was filed. This argument is not supported by section 52.003(a)(6) or the other provisions of chapter 52 of the property code.

■ Section 52.003(a)(6) requires that the abstract show "the date the judgment was rendered and the balance due." It does not specify a reference date for determining the "balance due." However, the clerk must certify the abstract, and if it is prepared by someone else, that person must also verify the abstract. TEX. PROP. CODE ANN. § 52.002 (Vernon Supp.2002). Also, the judgment creditor is responsible for ensuring the clerk abstracts the judgment properly. *Citicorp Real Estate,* 747 S.W.2d at 929. Thus, the language of sections 52.002 and 52.003 requires that

the balance due shown on the abstract be correctly stated and certified by the court clerk. Logically, however, that can be done only as of the date of issuance—the clerk cannot correctly certify a "balance due" on the judgment as of any subsequent date.

■ The parties point us to no statutory requirement, and we see none, requiring the judgment creditor to update the current "balance due" after the abstract has been filed and recorded in order to maintain the judgment lien.[2] Indeed, one case holds the judgment creditor has no duty after the lien is fixed to have credits entered on the recorded abstract. *Gordon–Sewall & Co. v. Walker,* 258 S.W. 233, 237 (Tex.Civ.App.-Beaumont 1924, writ dism'd w.o.j.). Neither is such a requirement compelled by the purpose of chapter 52. The object of the statute governing judgment liens is "merely to provide a means of ascertaining the existence of judgment liens and to indicate the source from which full information may be obtained." *Houston Inv. Bankers Corp. v. First City Bank of Highland Village,* 640 S.W.2d 660, 662 (Tex. App.-Houston [14th Dist.] 1982, no writ).[3] Because any credits against a judgment received after an abstract is recorded will not necessarily be reflected in the county records, the record searcher (e.g., a potential lender or purchaser) should have no expectation that the recorded abstract of judgment will, on its face, provide a sum certain of the current amount due on the judgment.

---

**2.** Former subsection 52.004(c), now omitted, required that the clerk leave a space at the foot of each recorded abstract for the entry of credits or notation of satisfaction of the judgment. That subsection required the clerk to make such notations "when credits are properly shown" but did not require the judgment creditor to update the balance due. Act of May 24, 1983, 68th Leg., R.S., ch. 576, § 1, 1983 Tex. Gen. Laws 3475, 3528, *amended by* Act of May 18, 2001, 77th Leg., R.S., ch. 668,

§ 2, 2001 Tex. Gen. Laws 1242, 1243 (effective Sept. 1, 2001).

**3.** In *Houston Inv. Bankers,* the court held that indexing the plaintiff's name under "First City Bank of HV." substantially complied with the statute, because the abbreviation did not impede the searcher in "the determination of the existence of a judgment lien or the search for related information." 640 S.W.2d at 662.

On the other hand, requiring an abstract to show the "balance due" on the judgment as of the date of recording so as to create a judgment lien would impose a significant burden on judgment creditors. Diligent creditors will record their abstracts of judgment promptly because the time of recording and indexing sets the priority of the lien vis-à-vis subsequent purchasers and lienholders. *John F. Grant Lumber,* 143 S.W.2d at 976. Nonetheless, a lag time between the issuance and the filing of the abstract is predictable, particularly if a creditor is recording an abstract of judgment in numerous or distant counties.[4] Under a rule requiring the balance due on the date the abstract is recorded, if the creditor received partial payments (either expected or unexpected) in the interim between the issuance of the abstract and its recording, the abstract, which was correct when it was issued, would create no lien at all. The creditor would have to obtain and file another abstract showing the credits to establish its lien position. In the interim, if the property were sold or a competing creditor filed a lien, such a rule would create a windfall for judgment debtors (who receive proceeds that would otherwise flow to the judgment creditor), or for competing lienholders (who take priority even though they otherwise filed later), or for non-diligent searchers (whose search was not impeded by the omission of a date-of-recording balance).

Further, the judgment debtor, whose property is encumbered by the lien, is not harmed by our holding that section 52.003(a)(6) requires the "balance due" on the date the abstract is issued. If disputes arise as to the amount the debtor actually owes on the judgment (and thus the amount secured by the judgment lien) or

about the propriety of the lien itself, these parties and the judgment debtor have remedies to resolve such disputes, such as a suit against the judgment lienholder to remove a cloud on title and/or for damages resulting from such a cloud on title.

Heyland argues an abstract "must be self-sufficient and must be capable of being rendered certain by the construction of its own terms without the necessity of looking elsewhere for the pertinent information required to be provided by the abstract," citing *Kingman Texas Implement Co. v. Borders,* 156 S.W. 614, 614–16 (Tex.Civ. App.-San Antonio 1913, no writ). *Kingman* considered whether an error in the stated amount of a judgment credit (incorrectly stated as $473 instead of $437) failed to comply with the "balance due" requirement of the judgment lien statute. The court held the abstract of judgment substantially complied with the statute because there was a palpable clerical error and the correct balance due could be calculated from other details shown on the face of the abstract. *Id.* at 616. The *Kingman* court reasoned an abstract did not "substantially comply" with the statutory requirements and thus was not sufficient to create a judgment lien, unless its language, within its own terms, sufficiently supplied the information required by the statute without the need to look elsewhere to supplement the information. *Id.* Applying that principle, Heyland argues the abstract of judgment in this case was insufficient to fix a lien because it was not a "stand-alone" document, capable of yielding the correct balance due as of the date it was recorded.

We disagree that the *Kingman* "stand-alone" test for substantial compliance applies to the issue in today's case. Such a

---

4. Some lag time is predictable, at least until instantaneous electronic filing in all Texas counties is possible.

test assumes that the disputed or missing information is required by the statute. The issue here is whether the missing information—the amount of credits *as of the date of recording*—is indeed required under the statute.

■■■ We are aware our holding is contrary to an early line of cases that were not referenced by the parties' briefs. The leading case in this line, *Evans v. Frisbie,* 84 Tex. 341, 343, 19 S.W. 510, 511 (Tex. 1892), states in dicta that an abstract failing to show credits acquired as of the time of filing for record was ineffective to create a lien. The *Evans* court cited approvingly to an earlier case, which noted that omitting the balance due in the abstract of judgment rendered it "not recorded in all respects required by law." *Id.* (citing *Le Gierse & Co. v. Getzendaner & Ferris,* 2 Posey 380 (Tex. Comm'n App. 1882)). Notably, the principle from *Le Gierse* that *Evans* cited in dicta was itself dicta. Moreover, the statement from *Le Gierse* did not turn on an incorrect balance as of the filing of the abstract, but apparently on a total omission of a balance-due figure.[5] · Several cases followed the *Evans* dicta: *Willis v. Sanger,* 15 Tex.Civ.App.

655, 40 S.W. 229, 234 (1897, writ ref'd) (failure to show credits against judgment amount when abstract filed and recorded was fatal to establishing lien); *Ainsworth v. Dorsey,* 191 S.W. 594, 596 (Tex.Civ.App. 1917, no writ) (same).[6] These opinions appear to assume that the statute required a balance-due amount as of the date of filing, as opposed to the date of issuance. None of the opinions discuss the plain language of the statute, nor do they analyze the consequences of the construction adopted. *See* Code Construction Act, TEX. GOV'T CODE ANN. § 311.023(1), (5) (Vernon 1998) (in construing statute, court may consider the object of the statute and the consequences of a particular construction).

Our holding is also contrary in some respects to a more recent decision that was also not mentioned by the parties. In *In re Rosenfield,* 62 B.R. 515 (Bankr. N.D.Tex.1986), the judgment creditor and debtor had agreed to a judgment with a settlement agreement containing a payment schedule, which was filed and recorded with the abstract of judgment. The abstract, however, did not reflect all credits received as of the time the abstract was recorded and indexed.[7]

---

**5.** The *Le Gierse* court implied that an abstract of judgment omitting the amount still due on the judgment might not be "recorded in all respects as required by law." The court, however, relied on other grounds for holding against the putative judgment lienholder. 2 Posey at 382. The proposition has since been established that an abstract need not affirmatively reflect that no payments have been made. *Willis v. Pegues,* 218 S.W. 96, 98–99 (Tex.Civ.App.-Beaumont 1920, no writ). Also, the abstract of judgment is not defective for omitting the amount due if such can be determined by mathematical calculation using the information in the document. *Apostolic Church v. Am. Honda Motor Co.,* 833 S.W.2d 553, 554–55 (Tex.App.-Tyler 1992, writ denied). We do not intend any contrary inference by our holding today that the date of issuance of the abstract is a satisfactory

reference point for determining the balance due.

**6.** Similarly, the clerk's incorrect recording of credits at the time of recording has been held fatal to establishing a judgment lien. *Askey v. Power,* 36 S.W.2d 446, 447 (Tex. Comm'n App.1931, holding approved) (following *Noble v. Barner,* 22 Tex.Civ.App. 357, 55 S.W. 382 (1899, writ dism'd)).

**7.** At stake in *Rosenfield* was whether an abstract of judgment, recorded before the judgment debtor's filing of the bankruptcy petition, was effective to create a judgment lien. If not, under the "strong-arm" provisions of the bankruptcy code the debtor-in-possession could avoid the lien and the unencumbered property would be available for the benefit of all creditors.

Construing the "balance due" language in section 52.003(a)(6), the bankruptcy court held the abstract of judgment did not substantially comply with the statute. It held that, by omitting the credits received *as of the time of filing and recording,* the abstract did not provide sufficient information "such that a third party could easily determine the amount credited to the judgment on behalf of the debtor." *Id.* at 522–23. Thus, *Rosenfield* applied the "stand-alone" test for whether a judgment lien substantially complied with the statute. As discussed above in conjunction with *Kingman,* we reject that test because it begs the question as to what the statutory requirements for an abstract of judgment are.

### Conclusion

■ We hold that an otherwise properly issued, recorded, and indexed abstract of judgment that correctly reflects the balance due when it was issued creates a judgment lien under Texas law, even if the abstract does not reflect credits toward the satisfaction of the judgment arising after the abstract was issued and before it was filed. Thus, the trial court erred in granting Heyland's motion for summary judgment solely predicated on the legal argument to the contrary.

We sustain HMCo's point of error. HMCo did not argue the trial court erred in awarding attorneys' fees. However, in view of our decision, any award of attorneys' fees is premature. Therefore, we reverse the trial court's judgment in favor of Heyland, and remand the case to the trial court for further proceedings.