11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Daniel Montes, Jr. d/b/a
Contract Builders 

Appellant

Vs.                   No. 
11-03-00096-CV C
Appeal from Dallas County

Annie Laura Scott 

Appellee

 

This
appeal arises out of appellant=s efforts to collect a judgment he obtained against appellee=s ex-husband, Eddie Lee Scott.  Appellant obtained a judgment against Eddie
Lee Scott on February 26, 1996. 
Appellant initiated efforts on August, 23, 2002, to enforce the judgment
against a residential tract of real property located in Dallas County
(hereinafter Athe Property”) on which appellee has
continuously lived at least since 1985. 
Appellee and Eddie Lee Scott acquired the Property in 1966 while they
were still married.  The 1966 deed to
the Property identified the grantees as AEddie Lee Scott and wife, [appellee].” 
Appellee and Eddie Lee Scott were divorced in Rockwall County on
December 31, 1980.  The divorce decree
awarded the Property to appellee as her sole and separate property.  However, the divorce decree was never
recorded in the deed records of Dallas County. 
Furthermore, no other documents indicating the divestiture of Eddie Lee
Scott=s interest in the Property were filed of
record prior to August 23, 2002. 
Accordingly, record ownership of the Property remained in the names of
appellee and Eddie Lee Scott when appellant initiated efforts to enforce the
judgment against the Property.

Appellant
filed a document entitled AJudgment Lien” on August 23, 2002, which purported to establish a
judgment lien against the Property. 
Appellant personally delivered a copy of this document to appellee on
August 23, 2002, at her residence. 
Appellant acknowledged in his pleadings that appellee advised him on
August 23, 2002, that the Property had been awarded to her in the divorce.  On August 26, 2002, appellee filed a
quitclaim deed purportedly executed by Eddie Lee Scott in the deed records of
Dallas County whereby Eddie Lee Scott disclaimed any ownership of the
Property.  








Appellant
continued with his efforts to oust appellee from her residence.  Appellant undertook these efforts despite
the fact that appellee was a record owner of the Property under the 1966 deed
and had continuously resided on the Property for several years.   Pursuant to appellant=s request, the Sheriff of Dallas County
levied execution on the Property on September 30, 2002.  See TEX.R.CIV.P. 637.  Appellant purchased the Property at a
sheriff=s sale conducted on November 5, 2002.  See TEX.R.CIV.P. 646a.  Appellant received a ASheriff=s Deed”  to the property on
November 6, 2002.  On November 7, 2002,
appellant posted the following notice on the house located on the Property:

DANIEL MONTES, JR., D/B/A CONTRACT BUILDERS
IS THE RECORD OWNER AND HAS POSSESSION OF THIS PROPERTY.  THE POLICE HAS BEEN NOTIFIED REGARDING THIS
PROPERTY.  WE WILL PROSECUTE ANYONE
BREAKING AND ENTERING, BURGLARIZING, VANDALIZING, COMMITTING ARSON OR ANY OTHER
DAMAGE TO THIS PROPERTY.  E.L. SCOTT=S EX-WIFE IS TO CALL DANIEL MONTES, JR. AT
[PHONE NUMBER] TODAY TO SCHEDULE A TIME TO REMOVE YOUR PERSONAL PROPERTY UNDER
SUPERVISION.  THERE IS NO LEASE IN
EFFECT BETWEEN THE RECORD OWNER CONTRACT BUILDERS AND PAST OCCUPANTS E.L. SCOTT=S EX-WIFE AND OTHERS.  ALL NEIGHBORS HAVE BEEN NOTIFIED REGARDING
THIS PROPERTY AND ARE WATCHING IT FOR ME. 
COPY OF RECORDED DEED IS ENCLOSED.

 

Appellant also entered
the house and changed the locks on November 7, 2002, thereby excluding  appellee from the Property.

Appellee
filed the underlying action against appellant in an effort to resolve the
disputed ownership of the property. 
Appellee also sought injunctive relief and monetary damages from
appellant.  At the conclusion of a
nonjury trial, the trial court entered judgment in appellee=s favor. 
Specifically, the trial court=s judgment awarded title and possession of the Property to
appellee.  The judgment expressly
nullified the Sheriff=s Deed
conveying the property to appellant.  We
affirm the judgment of the trial court. 









Appellant
raises five issues on appeal.  Prior to
addressing these issues, we note that the record does not show that findings of
fact or conclusions of law were either requested or filed.   In a nonjury trial where no findings of
fact or conclusions of law are filed or properly requested, it is implied that
the trial court made all necessary findings to support its judgment.  Pharo v. Chambers County, Texas, 922
S.W.2d 945, 948 (Tex.1996); Roberson v. Robinson, 768 S.W.2d 280, 281
(Tex.1989). The judgment of the trial court must be affirmed if it can be
upheld on any legal theory supported by the evidence and contained in the
pleadings. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.1990); In the
Interest of W.E.R., 669 S.W.2d 716, 717 (Tex.1984).

Appellee
contends that the record supports a finding that appellant had notice of her
claim of sole ownership of the Property prior to the attachment of his judgment
lien on the Property.   It is well
established that the lien of a judgment creditor takes precedence over a prior
unrecorded deed executed by the judgment debtor unless the creditor has notice
of the unrecorded deed at or before the time the judgment lien attaches to the
land.  Gibraltar Savings Association
v. Martin, 784 S.W.2d 555, 557-59 (Tex.App. B Amarillo 1990, writ den=d).  In order for this legal
theory to be applied to the facts in this appeal, we must first ascertain the
date that appellant=s
judgment lien attached to the property.

Judgment
liens are governed by Chapter 52 of the Texas Property Code.  See TEX. PROP. CODE ANN. ' 52.001 et seq. (Vernon 1995 & Supp.
2003); Hoffman, McBryde & Co., P.C. v. 
Heyland, 74 S.W.3d 906, 908 (Tex.App. B Dallas 2002, pet=n den=d).  A
judgment lien is created when a sufficient abstract of judgment is properly
recorded and indexed.   See
Section 52.001; Hoffman, McBryde & Co., P.C. v. Heyland, supra
at 909.  Because a judgment lien is
created by statute, substantial compliance with the statutory requirements is
mandatory before a judgment creditor=s lien will attach.  Hoffman,
McBryde & Co., P.C. v.  Heyland,
supra at 909.  The contents of an
abstract of judgment are prescribed by Section 52.003 of the Texas Property
Code.  Subsection (a) states that an
abstract of judgment must show:

(1) the
names of the plaintiff and defendant;

 

(2) the
birthdate and driver=s
license number of the defendant, if available to the clerk or justice;

 

(3) the
number of the suit in which the judgment was rendered;

 

(4) the
defendant=s address, or if the address is not shown in
the suit, the nature of citation and the date and place of service of citation;

 

(5) the
date on which the judgment was rendered;

 








(6) the
amount for which the judgment was rendered and the balance due;

 

(7) the
amount of the balance due, if any, for child support arrearage; and

 

(8) the
rate of interest specified in the judgment. 


 

Section
52.003(a).

As noted
previously, appellant filed a document entitled AJudgment Lien” on August 23, 2002. 
He attached a copy of this document to his pleadings as an exhibit.  However, he did not offer the document into
evidence at trial.  Irrespective of this
omission, the document does not substantially comply with the requirements of
Section 52.003(a) such that it would qualify as a sufficient abstract of
judgment.  The document does not list
either Eddie Lee Scott=s
address or the nature of citation and the date and place of citation.  See Section 52.003(a)(4).  The document does not indicate the month and
day on which the judgment was rendered. 
See Section 52.003(a)(5). 
Although the document lists the claimed balance due on the judgment as
of the date of its filing, it does not indicate the amount for which the
judgment was rendered and the rate of interest specified in the judgment.  See Section 52.003(a)(6) &
(8).  Accordingly, appellant=s judgment lien did not attach to the
property on August 23, 2002, as a result of the document that appellant filed
on that date.

There is
no evidence of any additional documents being filed which attempted to attach a
judgment lien on the Property.  A
recital in the Sheriff=s Deed
indicates that the sheriff levied execution on the property on September 30,
2002.  Assuming, without deciding, that
levy of execution is sufficient to attach a judgment lien against real property
in the absence of a proper abstract of judgment being filed, September 30,
2002, was the earliest date that appellant=s judgment lien attached to the Property.  The record reflects that as of September 30, 2002, appellant had
received oral notice of the property division in the divorce decree.  Additionally, appellant had both actual
notice and record notice of the quitclaim deed purportedly executed by Eddie
Lee Scott.  Therefore, there is evidence
in the record which supports appellee=s claim that appellant had notice of the divestiture of Eddie Lee Scott=s interest in the Property prior to the
attachment of appellant=s judgment.  This evidence of
notice constitutes a sufficient basis for affirming the trial court=s judgment.








In his
first issue, appellant argues that the trial court erred in admitting the 1980
divorce decree into evidence.  Appellant
contends that the decree should not have been admitted into evidence because it
was not recorded in the deed records of Dallas County.  Appellant relies upon TEX. PROP. CODE ANN. ' 12.005(a) (Vernon 1984) in support of this
contention.  We do not address this
issue because the receipt of the divorce decree into evidence is immaterial to
the question of notice.

Appellant=s second and third issues address the
admission of the quitclaim deed into evidence. 
Appellant presented documentation to the trial court which indicated
that the Secretary of State had previously revoked the commission of the notary
that acknowledged Eddie Lee Scott=s execution of the deed. 
Appellant asserts that the quitclaim deed should not have been admitted
into evidence because it was unlawfully recorded as a result of the revocation
of the notary=s commission.  The fact that the notary=s commission had been revoked did not prevent the quitclaim deed from
being properly recorded.  A
disqualification of a notary that does not appear on the face of the instrument
will not make the instrument ineligible for recording and will not prevent the
instrument from constituting notice.  T.
A. Hill State Bank of Weimar v. Schindler, 33 S.W.2d 833, 838 (Tex.Civ.App.
B Galveston 1930, writ ref=d). 
The quitclaim deed was, therefore, admissible to establish notice to appellant.

Appellant
additionally contends that the quitclaim deed is either a forgery or a voidable
fraudulent conveyance.  Appellant does
not assert on appeal that the evidence conclusively establishes either of these
affirmative defenses.  Our review of the
evidence indicates that neither of these defenses were established as a matter
of law.  Appellant=s second and third issues are overruled.

Appellant=s fourth and fifth issues generally attack
the trial court=s judgment in favor of appellee.  Our determination that there is evidence in
the record which supports appellee=s claim that appellant had notice of the divestiture of Eddie Lee Scott=s interest in the Property prior to the
attachment of the judgment lien is dispositive of these general issues.  Appellant=s fourth and fifth issues are overruled.

The
judgment of the trial court is affirmed.

 

PER
CURIAM

 

October 2, 2003

Not designated for
publication.  See TEX.R.APP.P.
47.2(a).

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.