11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Robert
O. Breault

Appellant

Vs.                   No. 11-03-00341-CV -- Appeal
from Harris County

John
Psarovarkas and Eleftheria Psarovarkas

Appellees

 

This is an appeal from a declaratory judgment and
a sanctions order.  We affirm the
declaratory judgment and vacate the sanctions order.

                                                               Background
Facts

In 1994, John Psarovarkas and Eleftheria
Psarovarkas purchased a business from Robert O. Breault.  The Psarovarkases defaulted on the note; and,
in 2000, Breault recovered a judgment against the Psarovarkases in the amount
of $44,830.24.

In 2001, Breault filed an abstract of judgment,
and a lien attached to residential property owned by the Psarovarkases.  The Psarovarkases attempted to refinance the
residence but were denied a home equity loan because of Breault=s judgment lien.

In June of 2002, the Psarovarkases sued Breault
seeking a declaratory judgment that Breault=s
lien was invalid and impermissibly clouded their title to the residence and
that Breault=s 2000
judgment could not support a lien against the residence.   The Psarovarkases also alleged intentional
improper cloud on title, slander of title, and tortious interference with a
prospective contract.  Breault filed a
general denial and alleged several affirmative and special defenses.  Breault also counterclaimed for sanctions
under TEX.R.APP.P. 13 and for a declaratory judgment that the Psarovarkases
were acting in bad faith, that the suit was frivolous, and that the litigation
was vexatious.








In August of 2002, the Psarovarkases filed a motion
for partial summary judgment in which they stated that there was no genuine
issue of material fact because the residence in question was their
homestead.  The Psarovarkases asked the
trial court to declare the residence their homestead and clear their title of
all judgment liens.  The Psarovarkases
also filed several motions for protective orders and for sanctions.  Breault filed several motions to compel
discovery.   

In early January of 2003, the trial court entered
an order allowing Breault to take depositions limited to the issue of whether
the residence was the Psarovarkases=
homestead.  The Psarovarkases responded
by filing a motion for a protective order on January 23, 2003.  In the January 23 motion, the Psarovarkases
asked the trial court to reconsider its discovery order and alleged that the
only matter pending before the trial court was their request for attorney=s fees. 
Two weeks later, Breault filed a motion to dismiss the Psarovarkases= original petition on the grounds that
the Psarovarkases had failed to comply with the discovery order, that they had
conceded the homestead issue, and that the issue of attorney=s fees could not survive absent the
declaratory judgment action.

On June 16, 2003, the Psarovarkases filed a ANotice of Dismissal of Claims.@ 
The Psarovarkases nonsuited all of their claims except for their Adeclaratory judgment, the request for
attorney=s fees,
and the motions (sic) for partial summary judgment and for sanctions arising
from the declaratory judgment action.@  The only substantive legal issues presented
to the trial court in the declaratory judgment action and in the motion for
partial summary judgment were (1) the validity of Breault=s judgment lien on the residence and
(2) whether the residence was the Psarovarkases=
homestead.

                                                             Trial
Court=s Actions

On June 23, 2003, the trial court conducted a
short hearing and determined that the 
residence was the Psarovarkases=
homestead, that Breault=s
judgment lien was Anull and
void,@ that
neither the Psarovarkases nor Breault would recover attorney=s fees, and that Breault would pay the
court costs.  The trial court entered a
written judgment declaring that the residence was the Psarovarkases= homestead and that Breault=s lien was null and void.  The judgment also provided that Breault would
pay the filing fees.  In a sanctions
order, the trial court ordered Breault to pay the Psarovarkases A$1800 by way of sanctions.@

                                                     Issues on
Appeal








In his first issue, Breault challenges the
granting of sanctions against him.  In
his second issue, Breault argues that the trial court erred in failing to
dismiss the Psarovarkases=
suit because their claims were moot.  In
his third issue, Breault contends that the trial court erred in failing to
grant his motion for sanctions.  

The Psarovarkases have briefed two Across-points of error.@ 
First, they argue that the trial court=s
failure to conduct a separate hearing and to render a ruling on their motion
for partial summary judgment earlier deprived them of due process.  The essence of their complaint is that the
trial court took too long to grant them a declaratory judgment that the
residence was their homestead.  The
Psarovarkases also argue that the trial court erred in denying them an award of
attorney=s fees. 

We will first address Breault=s arguments that the trial court erred
in failing to dismiss the  Psarovarkases= claims.

                                             The
Psarovarkases=
Claims on the Merits

The record before this court reflects that the Alive@
pleadings and allegations before the trial court at its June 23, 2003, hearing
on the merits were (1) the Psarovarkases=
request for a declaratory judgment and for attorney=s
fees and sanctions ancillary to the declaratory relief and (2) their motion for
partial summary judgment contending that the residence was their homestead. 

                                                            A.
Breault=s
Arguments

Specifically, Breault contends that the
Psarovarkases= claims
were moot because he had offered to release 
his lien; because the Psarovarkases had made a judicial admission in a
motion filed on January 23, 2003, that their homestead interest was no longer
relevant and was moot; and because the Psarovarkases had eventually obtained a
home equity loan on the residence.  Breault
argues that, when the home equity loan was secured, a justiciable controversy
no longer existed because his abstract of judgment did not name the residence
in question and because his abstract of judgment did not assert any specific
claim upon a homestead.  Therefore,
Breault contends that the trial court erred in failing to grant his motion to
dismiss. 

                                                 B.  Breault=s
Alleged Offer of Release

The record before this court contains a Astipulation@
filed by Breault on  September 10,
2002.  This stipulation provided:








Accordingly, Breault hereby stipulates that he shall, upon
request from any bona fide lender, mortgage title insurance company, mortgage
broker, buyer, or the Psarovarkases, execute a partial release of the judgment
lien effective only against all homestead and other exempt property owned or
claimed by the Psarovarkases, and located in Harris County, Texas.

          

This stipulation was not a release of the judgment lien.  At best, Breault conditionally stipulated in
the document filed on September 10 that at some time in the future if requested
he would execute a partial release. 

                     C.  Allegations in the Psarovarkases= January 23 Motion

The Psarovarkases specifically argued in their
January 23 motion that the trial court should 
enter a protective order and sustain their objections to Breault=s request to take their
depositions.  The Psarovarkases
challenged the taking of depositions on the grounds that reasonable notice had
not been given; that Breault=s
request was overly broad; that Breault=s
reason for taking Mrs. Psarovarkas=
deposition, as stated in his notice, was that Mr. Psarovarkas had a Apropensity to perjury under oath@; and that Mrs. Psarovarkas= health was a concern.  The Psarovarkases stated that they accepted
Breault=s conditional
stipulation and requested that the trial court award them attorney=s fees. 
The Psarovarkases also stated that they felt that the subject matter of
the depositions B whether
the residence was their homestead B
was no longer an  issue and that the
issue before the trial court was their request for attorney=s fees. 
    

Contrary to Breault=s
assertions, the statements in the January 23 motion did not constitute a
judicial admission by the Psarovarkases that the property in question was not
their homestead.  Nowhere in the January
23 motion did the Psarovarkases make a clear and unequivocal assertion that the
residential property was not their homestead. 
See Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d
562, 568 (Tex.2001).   Instead, the
January 23 motion requested an award of attorney=s
fees and an order preventing the taking of depositions.

                                            D.  Breault=s
Judgment Lien








TEX. PROP. CODE ANN. '
52.001 (Vernon 1995) provides that the filing of an abstract of judgment
creates a judgment lien.  Olivares v.
Nix Trust, 126 S.W.3d 242, 247 (Tex.App. - San Antonio 2003, pet=n den=d),
cert. den=d, __
U.S. __, 125 S.Ct. 91, 160 L.Ed.2d 119 (2004). 
In order to successfully create a judgment lien, the abstract must
substantially comply with the requirements of TEX. PROP. CODE ANN. ' 52.003 (Vernon 1995).  Olivares v. Nix Trust, supra;
Hoffman, McBryde & Co., P.C. v. Heyland, 74 S.W.3d 906, 909 (Tex.App. -
Dallas 2002, pet=n den=d). 
Section 52.003 does not require that the abstract name any property
subject to the judgment lien.  See
Olivares v. Nix Trust, supra; Hoffman, McBryde & Co., P.C. v.
Heyland, supra.  Breault=s arguments that the Psarovarkases= claims were moot because neither his
abstract nor the judgment lien named the property in question are without
merit.

Likewise, Breault=s
claim that any controversy became moot when the Psarovarkases later secured a
home equity loan is without merit. 
Breault=s
judgment lien was a cloud on the Psarovarkases=
title to the residence, and the controversy was a justiciable one.  Tarrant Bank v. Miller, 833 S.W.2d
666, 667 (Tex.App. - Eastland 1992, writ den=d).


                                                                   E.
Conclusion

The issues of the validity of Breault=s judgment lien and the Psarovarkases= claim that the residence was their
homestead were before the trial court. 
The trial court did not err in failing to grant Breault=s motion to dismiss.  Breault=s
second issue on appeal is overruled.

                 Challenges
to the Trial Court=s
Rulings on the Parties=
Motions for Sanctions

                                                   A.  Proceedings in the Trial Court

             On September
10, 2003, the trial court conducted a two-and-a-half-hour sanction
hearing.  In its September 11, 2003,
order, the trial court granted the Psarovarkases=
motion for sanctions and denied Breault=s
motion for sanctions.  The trial court
found (1) that the lien filed by Breault was improper, (2)  that the Psarovarkases=
refusal to provide discovery responses caused a short but significant delay in
the proceedings and the Psarovarkases=
failure to accept Breault=s
offer to remove the cloud on the title and to resolve the issue of attorney=s fees was a significant cause of the
contentiousness of the litigation, and (3) that Breault=s
refusal to pay attorney=s
fees and costs incurred by the Psarovarkases in their suit to remove the cloud
on their title was the main reason for the failure to resolve the dispute.  The trial court ordered Breault to pay the
Psarovarkases A$1800 by
way of sanctions.@

                                       B.  Trial Court=s
Authority and Appellate Review








In Texas, trial courts have authority under the
Texas Rules of Civil Procedure and the Texas Civil Practice and Remedies Code
as well as an inherent authority to sanction a party before the court.  TEX.R.CIV.P. 13 & 215; TEX. CIV. PRAC.
& REM. CODE ANN. ''
9.001 et seq. & 10.001 et seq. (Vernon 2002); Howell v. Texas
Workers=
Compensation Commission, 143 S.W.3d 416, 450 (Tex.App. - Austin 2004, pet=n den=d).  Absent an abuse of discretion, a trial court=s ruling will not be disturbed on
appeal. Brainard v. State, 12 S.W.3d 6, 30 (Tex.1999); Bodnow
Corporation v. City of Hondo, 721 S.W.2d 839, 840 (Tex.1986); Howell v.
Texas Workers=
Compensation Commission, supra;  State
v. PR Investments, 132 S.W.3d 55, 68 (Tex.App. - Houston [14th Dist.] 2004,
no pet=n h.); Spiller
v. Spiller, 21 S.W.3d 451, 456 (Tex.App. - San Antonio 2000, no pet=n).

                                    B.  The Motions for Sanctions Before the
Trial Court

The Psarovarkases requested that Breault=s counterclaims be stricken and that
they be awarded attorney=s
fees as sanctions for Avexatious
discovery.@  Breault made numerous requests that he be
awarded attorney=s fees
and other Aappropriate@ sanctions including the striking of
the original petition for the Psarovarkases=
abuse of discovery and dilatory tactics.

                                                   C.
Breault=s
Challenges on Appeal

In his first issue, Breault contends that the
trial court abused its discretion by granting the Psarovarkases= motion and awarding them $1,800 as
sanctions.  We agree.  

 The trial
court found that Breault=s
lien was invalid, that the Psarovarkases contributed to the delay and
contentiousness of the suit, and that Breault=s
refusal to pay attorney=s
fees and court costs was the primary reason this dispute was not resolved.  These findings are not sufficient to support
an award for sanctions against Breault for Avexatious
discovery@ under
the trial court=s
inherent authority, under the Rules of Civil Procedure, or under statutory
authority.  Breault=s first issue is sustained; and the
September 11, 2003, sanctions order is vacated.

In his third issue, Breault argues that the trial
court abused its discretion in denying his motion for sanctions.  Breault contends that, based on the
Psarovarkases=
statements in their January 23 motion, the Psarovarkases=
repeated motions for protective orders, and the Psarovarkases failure to give
their depositions, the trial court=s
refusal to sanction the Psarovarkases was arbitrary and unreasonable. We
disagree.

The record before this court reflects that Breault
made numerous discovery requests, that the Psarovarkases sought numerous
protective orders from those discovery requests, and that both parties
contributed to the delay in the resolution of this dispute.  The record does not support Breault=s contentions that the trial court
abused its discretion by denying his requests for sanctions.  Breault=s
third issue is overruled. 








                                           The
Psarovarkases=
Cross-Points on Appeal

First, the Psarovarkases argue that the trial
court erred by failing to conduct a hearing solely on their motion for partial
summary judgment.  In light of our
affirmance of the trial court=s
judgment, this argument presents nothing for review.  TEX.R.APP.P. 47.1.

In their second cross-point, the Psarovarkases
contend that the trial court erred in denying their request to recover attorney=s fees. 
The Psarovarkases argue that they should have recovered attorney=s fees either as a sanction against
Breault or as the prevailing party in the declaratory action.

As stated above, the findings do not support the
sanctions order. Likewise, the findings do not support an award of attorney=s fees as sanctions.

TEX. CIV. PRAC. & REM. CODE ANN. ' 37.009 (Vernon 1997) provides that, in
a declaratory judgment proceeding, the trial court may award Areasonable and necessary attorney=s fees as are equitable and just.@ 
The award of  attorney=s fees rests within the trial court=s discretion, and a prevailing party is
not entitled to attorney=s
fees as a matter of law.  Section 37.009;
Unified Loans, Inc. v. Pettijohn, 955 S.W.2d 649 (Tex.App. - Austin
1997, no pet=n).  We note that the only evidence of attorney=s fees presented by the Psarovarkases
was testimony at the sanctions hearing that attorney=s
fees totaled $9,000 for the Aprosecution
of this matter@ and as a
Ablend of [the Psarovarkases=] motion for sanctions in addition to striking
[Breault=s]
counterclaim for frivolous lawsuit.@  The record does not support the Psarovarkases= claim that the trial court abused its
discretion in failing to award attorney=s
fees in the declaratory judgment action. 
The second cross-point is overruled.

                                                               This
Court=s Ruling

The judgment of the trial court declaring that the
real property located at 4727 Royal Dornoch in Pasadena, Texas, was the
homestead of John Psarovarkas and Eleftheria Psarovarkas and that Robert O.
Breault=s lien
against this property was null and void is affirmed.  The sanctions order signed on September 11,
2003, is vacated.

 

TERRY McCALL

JUSTICE

August 31, 2005

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel consists of:  Wright,
J., and McCall, J.[1]











[1]W. G. Arnot, III, Chief Justice, retired effective July
31, 2005.  The chief justice position is
vacant.