LEMONS v. EPLEY HARDWARE CO. et al.
(No. 733.)

(Court of Civil Appeals of Texas. El Paso. Oct. 18, 1917.)

1. JUDGMENT ⚖➡768(2) — ABSTRACT — SUFFICIENCY.

Where the abstracts of judgment of a justice court recited the amounts of the judgments incorrectly, no lien was created by filing and registry thereof, under Rev. St. art. 5612, providing that an abstract of judgment shall show the amount for which it was rendered.

2. JUDGMENT ⚖➡768(2)—AMOUNT—INTEREST—ATTORNEY'S FEE—"COSTS."

Accrued interest and attorney's fees awarded plaintiff are part of the principal sum for which the judgment is rendered, and not a part of the costs.

Appeal from District Court, Dawson County; W. R. Spencer, Judge.

Suit by P. W. Lemons against the Epley Hardware Company and others. From an adverse judgment, plaintiff appeals. Reversed and rendered.

McGuire & Warren, of Lamesa, for appellant. S. W. Pratt, of Stanton, for appellees.

HIGGINS, J. On September 15, 1909, there was rendered in cause No. 222 in a

justice court of Martin county a judgment in favor of appellees against D. W. Barger for the sum of $37.50 principal, accrued interest, $6.59, and attorney's fees of $4.41, aggregating the sum of $48.50, together with interest thereon from date at the rate of 10 per cent. per annum and all costs. The costs in this cause amounted to $3.90. On October 20, 1909, an abstract of this judgment was filed for record in the county clerk's office of Dawson county and duly recorded and indexed. The abstract recites that the amount of the judgment was $37.50, the rate of interest 10 per cent., the amount of costs $14.75, and the total amount due as $52.25.

On September 15, 1909, there was rendered in cause No. 223 in a justice court of Martin county another judgment in favor of appellees against D. W. Barger for the sum of $35 principal, and $6.09 accrued interest, and the sum of $4.11 attorney's fees, aggregating the sum of $45.20, with interest thereon from date until paid at rate of 10 per cent. per annum, and all costs. The costs in this case amounted to $3.90. On October 20, 1909, an abstract of this judgment was filed in the office of the county clerk of Dawson county, and duly recorded and indexed. The abstract recites that the amount of the judgment was $35, the rate of interest 10 per cent., the amount of costs $14.95, and the total amount due as $49.95. The judgments in the two cases were entitled to no credits at the time the abstracts were filed and recorded.

[1, 2] The appellant, Lemons, a remote vendee of Barger, brought this suit to remove the cloud cast upon his title to certain land by the record of these abstracts. From an adverse judgment Lemons appeals. Article 5612, R. S. provides, among requisites, that an abstract of judgment shall show the amount for which it was rendered and the amount still due upon the same. Construing this statute, the courts have uniformly held that a substantial compliance therewith must be shown in order to fix a lien. In cause No. 222 judgment was rendered for $48.50, being the aggregate amount of the principal, accrued interest, and attorney's fees. The costs were $3.90. The abstract recites that the amount of the judgment was $37.50. This was manifestly incorrect. The amount of the costs was also incorrectly stated. Like errors occur in the abstract of the judgment in cause No. 223. It is useless to speculate how the error occurred. The accrued interest and attorney's fees were part of the principal sums for which the judgments were rendered, and not a part of the costs. If the justice, in preparing the abstracts, treated these items as a part of the costs, it does not aid appellees.

The error in the abstracts in the statement of the amount for which the judgments were rendered is there, and it is immaterial how it occurred. Under the authorities it must be held that the record of the abstracts fixed no lien. Glasscock v. Stringer, 32 S. W. 920; Wicker v. Jenkins, 49 Tex. Civ. App. 366, 108 S. W. 188.

Reversed and rendered.