HOUSTON INVESTMENT BANKERS CORPORATION, Appellant,

v.

FIRST CITY BANK OF HIGHLAND VILLAGE, Appellee.

No. A2973.

Court of Appeals of Texas, Houston (14th Dist.).

May 27, 1982.

Eugene J. Pitman, Donald W. Mills, Delange, Hudspeth, Pitman & Katz, Houston, for appellant.

G. Michael Curran, Vinson & Elkins, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

In the court below Appellant Houston Investment Bankers Corp. filed suit against First City Bank of Highland Village, defendant and cross plaintiff below and now Appellee, to remove a cloud upon the title to real property. The original lawsuit involved two tracts of land; this appeal is taken only as to one of the tracts (hereafter referred to as Tract A). Appeal is made from the trial court's judgment that Appellee's abstract of judgment constitutes a prior and valid lien upon Tract A and was not extinguished by Appellant's foreclosure of the deed of trust through which it claims title. Resolution of Appellant's first four points of error turns on the question whether Appellant's assignor was equitably subrogated to a prior lien on Tract A. The remaining points of error relate to the question whether the county clerk's abbreviating the name "First City Bank of Highland Village" to "First City Bank HV" constitutes a proper indexing of the abstract of judgment sufficient to create a statutory lien on the property involved. We affirm in part and reverse and render in part.

On April 28, 1977, Florence Lathrop acquired Tract A from Miles Wortham by deed in which a vendor's lien was retained to secure payment to Metropolitan National Bank of a promissory note in the amount of $170,000. The note was also secured by a deed of trust of even date to Charles Noble, trustee, for the benefit of Metropolitan National Bank. This deed of trust was filed for record in the real property records of Harris County, Texas, on April 29, 1977. On July 12, 1977, Florence Lathrop executed a deed of trust and promissory note in favor of Chemical Bank & Trust Company for $190,000. Pursuant to authorization from Florence Lathrop and instructions from the new lender, the balance of $157,-567.09 owed Metropolitan National Bank was paid out of the proceeds of the Chemical Bank & Trust loan. Chemical Bank & Trust's deed of trust was recorded on July 12, 1977; Metropolitan National Bank executed a release of lien dated July 12, 1977, and filed July 27, 1977. Meanwhile, First City Bank of Highland Village obtained judgment against Florence Lathrop on April 25, 1977, and an abstract of that judgment was filed on July 11, 1977. Appellant subsequently acquired the Chemical Bank & Trust Company note and lien on Tract A by assignment. Upon default, Appellant appointed a substitute trustee and, after notice, a foreclosure sale was held. By trustee's deed dated August 30, 1979, Tract A was conveyed to Appellant.

In two of its six points of error Appellant urges that the trial court erred (1) in its conclusion of law that Appellee's abstract of judgment was properly indexed

and (2) in rendering judgment that the abstract of judgment constitutes a lien on Tract A because, Appellant argues, the abstract of judgment is not properly indexed in compliance with Tex.Rev.Civ.Stat.Ann. arts. 5447 (Vernon Supp. 1982), 5448–9 (Vernon 1958). The judgment upon which Appellee bases its lien reflects the name of the plaintiff in judgment as "First City Bank of Highland Village," as does the abstract of that judgment, which was filed for record. Both direct and reverse master indices to the real property records of Harris County, Texas, list the name of the plaintiff in judgment as "First City Bank HV." A judgment lien is statutory in nature and, therefore, does not operate until substantial compliance with the requirements of the statute is accomplished. *Womack v. Paris Grocer Co.,* 166 S.W.2d 366, 368 (Tex.Civ.App.—Galveston 1942), *writ ref'd per curiam* 140 Tex. 423, 168 S.W.2d 645 (1943). The amendments to article 5447 subsequent to the Texas Supreme Court's approval of the *Womack* decision contain nothing which would suggest a restriction of the substantial compliance rule. The object of the statute is not to encumber the records with full information concerning the abstract of judgment lien but is merely to provide a means of ascertaining the existence of judgment liens and to indicate the source from which full information may be obtained. *Womack v. Paris Grocer, Co., supra; Carver v. Gray,* 140 S.W.2d 227 (Tex.Civ.App.—Amarillo 1940, writ dism'd judgmt. cor.) Unlike the abbreviated indexing in *McLarry v. Studebaker Bros. Co. of Texas,* 146 S.W. 676 (Tex.Civ.App.—Amarillo 1912, writ ref'd), cited by Appellant, the abstract of judgment in the present case was properly located in the direct and master indices under the correct letter of the alphabet and under all names required by the statute. In our opinion, where the indexing is otherwise correct, the county clerk's abbreviating the name "First City Bank of Highland Village" to "First City Bank HV" does not impede the determination of the existence of a judgment lien or the search for related information and is, therefore, in substantial compliance

with the statutory requirements. The trial court did not err in concluding that Appellant's abstract of judgment was properly recorded and indexed prior to July 12, 1977. We overrule Appellant's fourth and fifth points of error.

In its remaining points of error Appellant argues that when it acquired title to Tract A by purchase at its foreclosure sale, Appellee's judgment lien was extinguished, because Appellant's assignor, Chemical Bank & Trust was equitably subrogated to Metropolitan National Bank's prior lien. For that reason, Appellant complains of a number of actions taken by the trial court. The court refused Appellant's request for a finding of fact that Florence Lathrop and Chemical Bank & Trust had agreed that Chemical Bank & Trust would have a first and superior lien on Tract A. Instead, the court entered findings of fact and conclusions of law which include a finding that Florence Lathrop authorized the proceeds of the Chemical Bank & Trust loan to be used to pay off Metropolitan National Bank and the proceeds of the loan were so used. The court entered a conclusion of law that Appellant's foreclosure sale of Tract A did not extinguish Appellee's judgment lien, which they concluded remained a valid and existing lien against Tract A. The trial court entered judgment in favor of Appellee and ordered, adjudged and decreed that Appellee's abstract of judgment constitutes a prior, valid lien upon Tract A which was not extinguished by foreclosure of the deed of trust through which Appellant claims title.

The controlling issue is whether Chemical Bank & Trust was equitably subrogated to Metropolitan National Bank's lien, which is prior and superior to Appellee's judgment lien. To answer that question we rely on the authority of *Diversified Mortgage Investors v. Blaylock General Contractor, Inc.,* 576 S.W.2d 794 (Tex.1978). Although it involves a mechanic's lien instead of a judgment lien, the fact pattern in regard to the Irving Project in *Diversified Mortgage Investors* parallels the facts of the present case. *See also Blaylock v. Dollar Inns of America, Inc.,* 548 S.W.2d 924

(Tex.Civ.App.—Tyler 1977) *rev'd in part and aff'd in part as modified,* 576 S.W.2d 794 (Tex.1978). In both *Diversified Mortgage Investors* and the present case the intervening lien (i.e., the mechanic's lien and the judgment lien, respectively) had its inception prior to the date of recording the deed of trust lien held by the appellant. In both cases the prior first lien was paid off and released; in neither case was any transfer of the prior lien made. In employing the doctrine of equitable subrogation, the Texas Supreme Court said,

> As long ago as 1895 this court recognized the favorable view afforded the doctrine of equitable subrogation. As stated in *Faires v. Cockrill,* 88 Tex. 428, 31 S.W. 190, 194 (1895): "Perhaps the courts of no state have gone further in applying the doctrine of subrogation than has the court of this state, of which we cite a few instances. One who discharges the vendor's lien upon lands . . . either by paying its surety, or at the request of the debtor, or at a judicial sale, which for irregularities in the process, fails to convey the title, is entitled to be subrogated to the lien of the creditor to the extent of the payment so made. [Citations omitted.]" We recognize the importance of this doctrine to lenders in this state. It serves to protect a lienholder from intervening liens, at least to the amount of the initial lien, when the lienholder has discharged a prior superior lien.

576 S.W.2d at 807. Texas courts have long held that,

> [o]ne who advances money to pay off an incumbrance on realty at the instance of either the owner of the property or the holder of the incumbrance, either on the express understanding, or under circumstances from which an understanding will be implied, that the advance made is to be secured by a first lien on the property, is not a mere volunteer, and, in the event the new security is for any reason not a first lien on the property, the holder of such security, if not chargeable with culpable and inexcusable neglect, will be subrogated to the rights of the prior incumbrancer under the security held by him, unless the superior or equal equities of others would be prejudiced thereby, and to this end equity will set aside a cancellation of such security, and revive the same for his benefit.

*Sanger Bros. v. Ely & Walker Dry Goods Co.,* 207 S.W. 348, 349 (Tex.Civ.App.—Fort Worth 1918, writ ref'd). The record includes a copy of loan closing instructions to Stewart Title Company that the mortgagee's policy of title insurance was to be issued in connection with this transaction insuring the loan as a first and prior lien. Also contained in the record is Florence Lathrop's express authorization to pay the existing Metropolitan National Bank loan out of the proceeds of the Chemical Bank & Trust loan. Metropolitan National Bank's lien preceded any interest of any of the parties to this action. If the Metropolitan Bank indebtedness had not been paid off and discharged out of the proceeds of the Chemical Bank & Trust Company loan, Metropolitan National Bank would hold a vendor's lien senior and superior to both Appellee's judgment lien and Appellant's deed of trust lien. However, in exchange for its funds Chemical Bank & Trust, in effect, purchased Metropolitan National Bank's subsequently released lien. We hold as a matter of law that Chemical Bank & Trust is equitably subrogated to the vendor lien rights of Metropolitan National Bank and, therefore, occupies the same position as Metropolitan National Bank with respect to that lien and to the extent of that lien. Such equitable subrogation does not prejudice Appellee, but leaves Appellee in the same position it was in on the date it filed its abstract of judgment. When Appellant foreclosed its deed of trust lien held by assignment from Chemical Bank & Trust, it foreclosed the preexisting vendor's lien, and Tract A was transferred free of Appellee's judgment lien. There was no contention in the trial court and no point raised in this court that the property was sold at foreclosure for more than the amount to which Appellant was equitably subrogated. In fact, the trustee's deed in evidence and included in the record reveals that there were

no excess proceeds from that sale, Tract A having been purchased for $50,000.00 cash. We therefore reverse in part and render judgment that the trustee's sale extinguished Appellee's abstract of judgment lien on Tract A, and we order Appellee's judgment lien removed as a cloud upon the title to Tract A, the property described in Exhibit A attached to the judgment of the trial court. As noted at the beginning of this opinion, the original lawsuit involved two tracts of land, but this appeal involves only Tract A. The judgment of the trial court removed the abstract of judgment lien as a cloud upon Appellant's title to the other tract of land, described in Exhibit B attached to the judgment; there was no appeal from that part of the trial court's judgment, and it is affirmed.

We affirm in part and reverse and render in part.