The APOSTOLIC CHURCH, Appellant,

v.

AMERICAN HONDA MOTOR
COMPANY, INC.,
Appellee.

No. 12–90–00038–CV.

Court of Appeals of Texas,
Tyler.

April 27, 1992.
Rehearing Denied Aug. 20, 1992.

Randy McLeroy, Center, for appellant.

Andy Navarro, Tyler, for appellee.

RAMEY, Chief Justice.

This appeal involves the validity of two judicial liens. In a bench trial, the trial court rendered judgment in favor of the Appellee judgment creditor, American Honda Motor Company, Inc., ruling that it owned valid judgment liens upon two tracts of land which had been conveyed by gift deeds from the judgment debtor, Bill G. Hayden and wife ("Haydens"), to Appellant, the Apostolic Church. Appellant contends that the trial court erred, because the judgment liens had not been properly perfected, and also because the liens had been canceled by the Haydens' subsequent discharge in bankruptcy. We do not agree; we will affirm the trial court's judgment, but deny Appellee's counterpoint.

The Haydens had owned three separate tracts of land in Shelby county. Appellee secured a money judgment against Hayden in 1985. Appellee sought to create judgment liens against the Haydens' property by recording and indexing an abstract of the judgment in Shelby county in March of 1985. In subsequent transactions, the Haydens conveyed two of the tracts to Appellant. In 1987, the Haydens petitioned for and were, later that year, discharged from their debts in bankruptcy proceedings. Some eight months thereafter, Appellee instituted the suit underlying this appeal to foreclose the judgment liens upon the two tracts of land. Judgment foreclosing these liens was signed by the trial court on December 14, 1989.

Appellant presents twelve points of error. Appellant considers together its first nine points of error; we will likewise address them as a group.

Judgment liens are statutorily created; without substantial compliance with the statutes, no lien attaches. *Citicorp Real Estate, Inc. v. Banque Arabe Internationale D'Investissement*, 747 S.W.2d 926, 929 (Tex.App.—Dallas 1988, writ denied). Appellant contends that Appellee's abstract of judgment did not substantially comply with the statutory requirements of section 52.003 of the TEXAS PROPERTY CODE,[1] thereby failing to create valid judgment liens. According to § 52.003 of the property code, an abstract of judgment must contain the following seven elements:

(1) the names of the plaintiff and defendant;

(2) the birthdate and driver's license number of the defendant if available to the clerk or justice;

(3) the number of the suit in which the judgment was rendered;

(4) the defendant's address, or if the address is not shown in the suit, the nature of citation and the date and place of service of citation;

(5) the date on which the judgment was rendered;

(6) the amount for which the judgment was rendered and the balance due; and

(7) the rate of interest specified in the judgment.

Appellant asserts that the judgment liens were deficient in five respects, four in the abstract of judgment itself: it allegedly failed to 1) state correctly the balance due thereon, 2) state the amount of any credits already paid, 3) state the defendant's address, or, alternatively, 4) state the nature and the date and place of the service of citation upon the judgment debtor. Fifth, Appellant contends that the abstract of judgment was not properly indexed.

Concerning the indexing of the abstract, Appellant alleges that there is no evidence "that Appellee's abstract of judgment was indexed in the reverse indexes of the abstract of judgment records under the defendant's name." The record shows otherwise. The names of the plaintiff and defendant in the prior judgment appear al-

---

1. Unless otherwise noted, all statutory references in this opinion are to TEX.PROP.CODE ANN. § 52.- 001 *et seq.* (Vernon 1984).

phabetically in both the direct and the indirect indexes in the Shelby County Clerk's office. Appellant's points of error attacking the indexing of the judgment are overruled.

■ As to the alleged deficiency stemming from the abstract's failure to state the sum of money due the judgment creditor, the abstract of judgment shows the date and amount of the original judgment. The amount of costs and rate of interest are also stated. These entries are identical to those recited in the 1985 judgment.

The abstract is silent concerning the amount of credits paid, but Hayden acknowledged at trial that he had paid nothing on the judgment. This failure of the abstract to affirmatively reflect that no credits had been paid on the judgment does not invalidate the lien, because an abstract of judgment need not affirmatively contain an entry that no payments have been made. *Willis v. Pegues*, 218 S.W. 96 (Tex.Civ.App.—Beaumont 1920, no writ).

■ Appellant has cited a number of cases in support of its contention that the abstract of judgment was defective, because there was no amount-due shown.[2] These cases involved actual misstatements of the sums due the judgment creditor or, in some instances, the omission of parties to the underlying judgment. In none of them did the abstract of judgment furnish the requisite facts from which the sum owed could be correctly calculated.

It has been held that an abstract of judgment substantially complies with the statute when the abstract shows the amount and date of the original judgment, the interest rate, and any applicable costs or credits, even if the judgment fails to expressly state the amount due thereon. *Kingman Texas Implement Co. v. Borders*, 156 S.W. 614, 615 (Tex.Civ.App.—San Antonio 1913, no writ). If determination of

the balance due requires merely a mathematical calculation, the abstract will not be found to be defective in not expressly stating the balance due. *Id; see American Petroleum Exchange, Inc., et al v. Lord*, 399 S.W.2d 213, 216 (Tex.Civ.App.—Amarillo 1966, writ ref'd n.r.e.). Here, the amount-due can be determined by a mathematical calculation utilizing the information in the abstract. We overrule Appellant's points of error based upon the omission from the abstract of judgment of the amount-due the judgment creditor.

■ Appellant also attacks the trial court's conclusion of law that the abstract of judgment substantially complied with TEXAS PROPERTY CODE § 52.003, in that the undisputed evidence shows that the abstract did not state Hayden's address *or* the nature of the citation and date and place of service of the citation. The issue here is Hayden's address; the alternative data pertaining to the nature and service of the citation was omitted.

■ If no address for Hayden was shown in the abstract of judgment, no lien would attach. *Citicorp Real Estate, Inc.*, 747 S.W.2d at 929; *Texas American Bank/Fort Worth, N.A. v. Southern Union Exploration Co.*, 714 S.W.2d 105, 107 (Tex.App.—Eastland 1986, writ ref'd n.r.e.). Such is not the case here. The abstract of judgment shows the debtor's address to be "Tenaha Hwy, Center, TX". Thus, the remaining question is whether the stated address is accurate and sufficiently descriptive.

■ Hayden testified that he resided on Highway 96 North, which is also designated as Route 3, Box 498. Highway nomenclature and designations within the trial court's jurisdiction are matters of common knowledge and proper subjects for judicial notice. *Fairall v. Sutphen*, 296 S.W.2d 309, 311 (Tex.Civ.App.—Fort Worth 1956,

---

2. *Evans v. Frisbie*, 84 Tex. 341, 19 S.W. 510 (1892); *Midland County v. Tolivar's Estate*, 137 Tex. 600, 155 S.W.2d 921 (Tex.Comm'n App. 1941, opinion adopted); *Askey v. Power*, 36 S.W.2d 446 (Tex.Comm'n App.1931, opinion adopted); *Blankenship & Buchanan v. Herring*, 62 Tex.Civ.App. 298, 132 S.W. 882 (1910, no

writ); *Ainsworth v. Dorsey*, 191 S.W. 594 (Tex. Civ.App.1917, no writ); *Lemons v. Epley Hardware Co.*, 197 S.W. 1118 (Tex.Civ.App.—El Paso 1917, no writ); *Barton v. Parks*, 127 S.W.2d 376 (Tex.Civ.App.—Galveston 1939, writ ref'd.); *Cheatham v. Mann*, 133 S.W.2d 264 (Tex.Civ.App.—Galveston 1939, writ ref'd).

no writ); TEX.R.EVID. 201. Here, Appellee did ask the court to take judicial notice that Highway 96 North was also known as the Tenaha Highway from Center, Texas. In matters involving geographical knowledge, it is not necessary that a formal request for judicial notice be made by a party. *Harper v. Killion*, 162 Tex. 481, 348 S.W.2d 521, 523 (1961). It is, therefore, not required that the court formally announce that he was taking judicial notice of such fact.

It is likewise a matter of judicial knowledge that Center and Tenaha are situated in Shelby County. *Southwestern Investment Co. v. Shipley*, 400 S.W.2d 304, 306 (Tex.1966). They are within the trial court's jurisdiction. There was no proof, nor is it argued here, that the address stated in the abstract was incorrect. Whether Highway 96 North links Center and the neighboring Shelby county community of Tenaha is a fact of such notoriety that there is no necessity of accompanying the request for judicial notice with additional background information, in order for it to be mandatorily judicially noticed. TEX. R.CIV.EVID. 201(d); Wellborn, *Judicial Notice Under Article II of the Texas Rules of Evidence*, 19 St. Mary's Law Journal 17 (1987). Therefore, formal proof that Highway 69 North is the Tenaha Highway from Center, Texas is not required. Under this record we cannot overrule the trial court's conclusion of law of substantial compliance with Texas Property Code § 52.003 because the abstract of judgment failed to show Hayden's address.

Furthermore, an attack upon a conclusion of law may only be reviewed to determine its correctness as a matter of law. *Mercer v. Bludworth*, 715 S.W.2d 693, 697 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.); *First Nat'l Bank in Dallas v. Kinabrew*, 589 S.W.2d 137, 146 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.). Appellant has failed to demonstrate that this conclusion of law was not correct; therefore, it will not be disturbed. For these reasons, Appellant's point of error pertaining to defects in the judgment debtor's address is overruled. Thus, all of Appellant's points of error claiming defects in the abstract of judgment are overruled.

Appellant's final three points of error assert that the court erred because the Haydens' personal discharge in bankruptcy canceled the liens upon the two tracts. These two pre-petition liens were valid and were not avoided during the bankruptcy proceedings. The Supreme Court of the United States has recently held that liens on real estate survive bankruptcy. *Farrey v. Sanderfoot*, — U.S. —, 111 S.Ct. 1825, 1829, 114 L.Ed.2d 337 (1991). "Rather, a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*." *Dewsnup v. Timm*, — U.S. —, 112 S.Ct. 773, 778, 116 L.Ed.2d 903 (1992); *Johnson v. Home State Bank*, — U.S. —, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66 (1991). No attempt was made to cancel and discharge the liens upon the two tracts under the specific provisions of TEX.PROP.CODE ANN. § 52.022—.024 (Vernon 1984). We hold that the Haydens' bankruptcy discharge, without more, did not extinguish these judicial liens, and points of error ten, eleven and twelve are overruled.

Another potential issue on appeal, which was the subject of extensive proof at the trial, was whether the two tracts in question had been the Haydens' homestead. Appellant admitted in its responsive brief that homestead was not an issue on appeal. There is nothing to review on the homestead claim.

In a single counterpoint, Appellee seeks to recover damages, because several of Appellant's points of error are alleged to be frivolous and made for the purpose of delay. Such sanctions may be ordered in civil cases. TEX.R.APP.P. 84. While we have held that none of Appellant's points of error should be sustained, we cannot say that the appeal was taken solely for delay and without sufficient cause. Appellee has not condemned all of Appellant's points of error as frivolous. Indeed, questions raised herein as to the statutory requirements pertaining to the judgment debtor's

address and the omission of the amount-due entry in the abstract of judgment have not heretofore been precisely answered in Texas.

Appellant cites *Dolenz v. A___ B___*, 742 S.W.2d 82 (Tex.App.—Dallas, 1987) and *Trinity Universal Insurance Company v. Farley*, 408 S.W.2d 776 (Tex.Civ.App.—Tyler 1966, no writ) in support of his motion for sanctions. *Dolenz* is inapplicable, because in that case the appellate court found that all of the points urged by Appellant were specious. 742 S.W.2d at 86. The *Farley* case likewise is not helpful, because this Court denied sanctions in that case. 408 S.W.2d at 780. Appellee's counterpoint is overruled.

The judgment of the trial court is *affirmed*.