

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-08-00081-CV
_____

MICHAEL S. ROGERS AND AUDREY DIANE ROGERS, Appellants

V.

TOMMY PEELER, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 2006-659-B-1

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss
Dissenting Opinion by Justice Moseley

OPINION

Michael S. Rogers and Audrey Diane Rogers (collectively, Rogers) appeal from a declaratory judgment that Tommy Peeler's October 17, 2003, abstract of judgment[1] was valid and effective. Rogers contends that the ruling is erroneous because the abstract lists the wrong date of judgment and the wrong interest rate. Because the abstract substantially complies with the statutory requirements, we affirm the trial court's judgment.

Rogers and Peeler filed competing motions seeking declaratory relief concerning the validity of Peeler's abstract of judgment against Rogers. The trial court ruled that the abstract was valid, and that judgment was later severed from the remaining action to create a final and appealable order.

The sole question before this Court is whether the trial court erred by declaring valid the abstract of judgment filed October 17, 2003.

---

[1]The underlying dispute was the subject of a 2004 appeal to this Court. Our introductory paragraph to that opinion follows, to create a context for this proceeding—the attempt to recover on the judgment.

> Tommy Peeler and Michael S. Rogers were adjoining landowners who had an ongoing boundary line dispute. Rogers shot and severely injured Peeler during a confrontation over Rogers crossing over onto Peeler's property while riding a four-wheeler. Peeler sued Rogers for this assault, seeking compensatory and punitive damages. The jury returned a verdict awarding Peeler $1,250,000.00 in damages, and the trial court rendered judgment in accordance with the jury's verdict. Rogers appeals . . . . We affirm.

*Rogers v. Peeler*, 146 S.W.3d 765, 767 (Tex. App.—Texarkana 2004, no pet.).

The parties in this case stipulated to the sequence of relevant 2003 events:

October 16:    The trial court signed the initial judgment.

October 17:    Peeler filed the abstract of judgment.

October 27:    Michael Rogers married Audrey Littleton.[2]

November 10:  Rogers filed a motion to modify the judgment.

November 19:  The trial court signed an amended judgment.

Peeler filed the abstract promptly after the trial court signed the initial judgment. Then, while it had plenary power to do so, the trial court signed an amended judgment altering the interest rate. The only amendment to the judgment was the lowering of the interest rate on the judgment from ten percent to five percent in order to meet the statutory requirements. The abstract itself specifies the names of the plaintiffs and defendant, the number of the suit in which judgment was rendered, the defendant's address, the date of initial judgment, the amount of the judgment and balance due, and the rate of interest specified in the initial judgment.

In Texas, no lien is created by the mere rendition of a money judgment. *Citicorp Real Estate, Inc. v. Banque Arabe Internationale D'Investissement*, 747 S.W.2d 926, 929 (Tex. App.—Dallas 1988, writ denied). To create an enforceable judgment lien against real property owned by the judgment debtor, the judgment creditor must comply with the requirements of

---

[2]The marriage is the real underlying reason for this argument—the question of homestead and whether single or married quantities apply remains to be determined in the portion of this action that was severed and remains before the trial court.

3

Chapter 52 of the Texas Property Code. *Id.*; *see* TEX. PROP. CODE ANN. §§ 52.001–.043 (Vernon 2007 & Supp. 2008). "The judgment creditor's first step in creating a judicial lien is to obtain an abstract of the judgment." *Citicorp Real Estate*, 747 S.W.2d at 929; *see* TEX. PROP. CODE ANN. § 52.002. When properly recorded and indexed, an abstract of judgment creates a judgment lien on nonexempt real property that is superior to the rights of subsequent purchasers and lienholders. *John F. Grant Lumber Co. v. Hunnicutt*, 143 S.W.2d 976 (Tex. Civ. App.—Waco 1940, no writ). The purpose of an abstract of judgment is to create a lien against the judgment debtor's real property and to provide notice to subsequent purchasers and encumbrancers of the existence of the judgment and lien. *Olivares v. Birdie L. Nix Trust*, 126 S.W.3d 242, 247 (Tex. App.—San Antonio 2003, pet. denied).

An abstract of judgment must show:

(1)    the names of the plaintiff and defendant;
(2)    the birthdate and driver's license number of the defendant if available to the clerk or justice;
(3)    the number of the suit in which the judgment was rendered;
(4)    the defendant's address, or if the address is not shown in the suit, the nature of citation and the date and place of service of citation;
(5)    the date on which the judgment was rendered;
(6)    the amount for which the judgment was rendered and the balance due;
(7)    the amount of the balance due, if any, for all child support arrearage; and
(8)    the rate of interest specified in the judgment.

4

TEX. PROP. CODE ANN. § 52.003. "It is well settled in Texas that it is the judgment creditor's responsibility to ensure that the clerk abstracts the judgment properly." *Olivares*, 126 S.W.3d at 247.[3]

An abstract must substantially comply with those requirements before a judgment creditor's lien will attach. *Wilson v. Dvorak*, 228 S.W.3d 228, 233 (Tex. App.—San Antonio 2007, no pet.); *Olivares*, 126 S.W.3d at 248; *Citicorp Real Estate*, 747 S.W.2d 926. This concept of substantial compliance makes allowances for minor deficiencies in a required element but does not include forgiveness of a total omission of a statutorily required element. *Wilson*, 228 S.W.3d at 233.

The statutory requirements are not to be enforced blindly. The central question in each case is the adequate provision of notice to the public through the filing of an adequate abstract. In a recent decision, the San Antonio Court of Appeals found a technically *correct* abstract to be inadequate because the judgment debtor had married, and the name on the abstract was indexed under the debtor's maiden name. Because of that, a purchaser of the property could have discovered the judgment lien only by reviewing every record in the county. The court found that did not provide the notice contemplated by the statute. *Wilson*, 228 S.W.3d 228.

---

[3]The statute mandates that the clerk "immediately record in the county real property records each properly authenticated abstract that is presented for recording." TEX. PROP. CODE ANN. § 52.004. At the same time the abstract is recorded, the clerk is required to enter on the alphabetical index of the real property records the name of each plaintiff and each defendant, and the volume and page or instrument number in the record in which the abstract is recorded. *Id.*

Rogers argues that Peeler's abstract is incorrect in that both the date of the judgment and the interest rate are inaccurate as stated in the abstract, because they do not match the amended judgment. We disagree.

Merely reciting the wrong date of judgment does not destroy the lien of an abstract of judgment; such an abstract still may substantially comply with the statutory requirements. *Smith v. Adams*, 333 S.W.2d 892 (Tex. Civ. App.—Eastland 1960, writ ref'd n.r.e.) (one-day error in date); *Guar. State Bank of Donna v. Marion County Nat'l Bank*, 293 S.W. 248 (Tex. Civ. App.—San Antonio 1927, no writ) (three-day error in date).

Peeler correctly points out that the two-judgment opinions cited by Rogers address how to calculate the appellate timetable when there is an amended judgment. Those opinions do not address the effect of an amended judgment on the validity of an abstract of judgment. Rogers asserts that the new written judgment replaces the old one. While the amended judgment does stand in place of the original judgment, we believe there are valid reasons the amendment should not invalidate the judgment lien.

First, we note that Rogers' motion was entitled a "Motion to Modify Judgment" and sought to change not the judgment proper—that is, the amount of the judgment or the identification of the parties as of the date the judgment was rendered—but only the interest rate that would be accruing on the judgment thereafter, the so-called "judgment rate." Rule 329b of the Texas Rules of Civil Procedure makes a distinction between a "motion to modify, correct, or reform" a judgment, on the

6

one hand, and a motion for a new trial or a motion to vacate a judgment, on the other hand. One seeks only to adjust one or more aspects of the judgment that was rendered, others seek a path leading to an entirely new judgment. *Compare* TEX. R. CIV. P. 329b(a), (d), (g). Rogers' motion asked the trial court not to change the judgment it actually rendered, but to accurately reflect in the written judgment the statutorily mandated "judgment rate" of interest under Section 304.003 of the Texas Finance Code, as that rate stood as of the date the judgment was originally rendered. *See* TEX. FIN. CODE ANN. § 304.003 (Vernon 2006). This, we believe, was not a request for a new judgment, but a request that the one and only judgment be corrected.

There is also the question of when a judgment is rendered. The statute specifies that the date on which judgment was rendered is to be included. Judgment is rendered when the trial court officially announces the decision in open court or by written memorandum filed with the clerk. *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995). The written judgment is then to correctly set out that judgment, a concept explained in detail by the opinions addressing nunc pro tunc judgments. We are always to look to the judgment actually rendered. *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986). After a trial court has lost plenary power over a judgment, a final written judgment should be corrected only if it incorrectly states the judgment actually rendered. *Id*. at 231–32; *see In re Broussard*, 112 S.W.3d 827, 833 (Tex. App.—Houston [14th Dist.] 2003, no pet.). The importance of the date the written judgment is signed is to provide certainty in calculating procedural timetables. *See* TEX. R. APP. P. 26.1; TEX. R. CIV. P. 329b.

7

Here, the trial court did not render two different judgments. In the amended judgment, the amount of recovery was restated, not changed, and the interest rate was lowered to the correct statutory level. Thus, the only real change accomplished by the amendment was to correctly apply statutory interest to the judgment, not to change the amount of the judgment rendered.

The second date of signing is irrelevant for these purposes. The statute dealing with abstracts of judgment does not focus on the date of signing of the judgment, but the date of rendition, and the fact that a second judgment making no more than minor corrections was later signed by the court does not indicate a second rendition of judgment by the trial court.[4]

We conclude that the abstract's recitation of the date on which the judgment was originally signed, along with the other accurate information, is sufficient to provide the notice required by the statute and thus substantially complies with the statute.

But, did the later amendment of the postjudgment interest rate create a defect in the abstract which was more than minor? Did such a change invalidate the lien? We think not.

Admittedly, some older cases suggest that an abstract of judgment does not substantially comply with the statute if it contains an error in the numerical amount of a required element. In 1941, the Texas Commission of Appeals was faced with an abstract of judgment that misstated the amounts of the judgment and of the balance due and recited a certain rate of interest on the judgment, even though the judgment itself did not specify *any* postjudgment interest rate. The court determined

_____

[4]We also note that the underlying tort lawsuit was the subject of a jury trial.

8

that the "abstract fails to meet, even substantially, two of the five requirements of article 5447 . . . ." *Midland County v. Tolivar's Estate*, 155 S.W.2d 921, 922 (Tex. Comm'n App. 1941, opinion adopted); *see also Lemons v. Epley Hardware Co.*, 197 S.W. 1118, 1119 (Tex. Civ. App.—El Paso 1917, no writ) (judgment rendered for $48.50, including principal, accrued interest, and attorney's fees; costs were $3.90; abstract recited amount of judgment as $37.50; no lien attached).

*Tolivar's Estate* has been cited by two cases as far as we could find. In 1984, the El Paso Court of Appeals held that an abstract of judgment created no lien, citing *Tolivar's Estate*; but the El Paso court was faced with an abstract that contained many errors and omissions: the abstract misidentified the parties, made no reference to the birthdate or driver's license number of the defendant, did not recite the case number, did not recite the date of the judgment, and showed *no* interest rate. *See Reynolds v. Kessler*, 669 S.W.2d 801, 804 (Tex. App.—El Paso 1984, no writ). That is not comparable to the situation facing us.

In 1992, the Tyler Court of Appeals was faced with an abstract which recited no formal address for the judgment debtor, but instead listed the debtor's address as "Tenaha Hwy, Center, TX." The Tyler court listed *Tolivar's Estate* in a footnote along with seven other cases cited by their appellant, and the court distinguished the list of cases on the basis that they each involved abstracts which either misstated the sum due or omitted a party to the judgment. *See Apostolic Church v. Am. Honda Motor Co.*, 833 S.W.2d 553, 555 (Tex. App.—Tyler 1992, writ denied) (judicial notice taken

that listed highway location substantially complied with address requirement, notwithstanding omission of formal address).

Though *Tolivar's Estate* has been sparsely cited since it was issued more than sixty-five years ago, it has not been expressly overruled. But we distinguish it from the case before us. In *Tolivar's Estate*, not only were the amounts of the original judgment and the balance due misstated, but also the abstract erroneously reported a totally absent, postjudgment interest rate as a stated interest rate—in the process, completely misrepresenting the interest rate, a deficiency, in our opinion, equivalent to totally omitting a required element. An abstract can substantially comply with the statute with minor deficiencies in required elements, not with total omission of an element. *Olivares*, 126 S.W.3d at 248; *Citicorp Real Estate*, 747 S.W.2d at 930. In our case, the postjudgment interest rate was changed after the abstract was issued and filed, and the abstract was not reissued to reflect the amended interest rate or the date that rate was amended.

Certain defects have been found not to disqualify an abstract from creating a lien. *See, e.g.*, *Apostolic Church*, 833 S.W.2d at 555 (recitation of general highway location substantially complied with address requirement, notwithstanding omission of formal address); *Houston Inv. Bankers Corp. v. First City Bank*, 640 S.W.2d 660, 662 (Tex. App.—Houston [14th Dist.] 1982, no writ) (lien created where party name "First City Bank of Highland Village" abbreviated to "First City Bank of H.V."); *Fred Rizk Constr. Co. v. Cousins Mortgage & Equity Invs.*, 627 S.W.2d 753, 756 (Tex. App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.) (reciting defendant's birthdate and driver's license

10

number depends on availability of information to county clerk); *Mullins v. Albertson*, 136 S.W.2d 263, 264 (Tex. Civ. App.—San Antonio 1940, writ ref'd) (defendant identified as "G.W. Albertson" instead of "G.M. Albertson"); and *Citizens State Bank v. Del-Tex Inv. Co.*, 123 S.W.2d 450, 452 (Tex. Civ. App.—San Antonio 1938, writ dism'd, judgm't corrected) (judgment rendered in "92nd" not "93rd" district court).

And more recent cases do seem to have a bit more lenient attitude in determining substantial compliance. *See Hoffman, McBryde & Co. v. Heyland*, 74 S.W.3d 906, 910 (Tex. App.—Dallas 2002, pet. denied) (subsequent payment, not reflected in abstract already on file, did not invalidate lien; discussion distinguishing older authorities); *Apostolic Church*, 833 S.W.2d at 555 (recitation of general highway location substantially complied with address requirement, notwithstanding omission of formal address).

There is no allegation that the abstract of judgment in this case was erroneous when issued and filed. It correctly reflected all the required information from the original judgment. There is also no indication that the abstract was improperly issued, recorded, or indexed. Therefore, that original abstract of judgment substantially complied with the statute and thus created a lien on the Rogers property before the marriage and before the amendment of the judgment. *See Heyland*, 74 S.W.3d at 910 (subsequent payment, not reflected in abstract already on file, did not invalidate lien). The stated interest rate and date of judgment became issues only after the judgment was amended to change the rate.

11

The purposes of the abstract-of-judgment statute are "to provide a means of ascertaining the existence of judgment liens and to indicate the source from which full information may be obtained." *Houston Inv. Bankers Corp.*, 640 S.W.2d at 662; *see Heyland*, 74 S.W.3d at 910. Those purposes are met by the abstract of judgment in the case before us, especially given that it was correct when issued, filed, and indexed. *Cf. Heyland*, 74 S.W.3d at 910.

We conclude that the abstract of judgment substantially complied with the statutory scheme, notwithstanding the subsequent amendment of the judgment to reduce the postjudgment interest rate. The judgment lien created by the filing of the abstract of judgment, thus, remains viable.

We affirm the judgment.

Josh R. Morriss, III
Chief Justice

DISSENTING OPINION

As is his usual practice, our Chief Justice has written a comprehensible and scholarly opinion. I find no disagreement with the argument he employs except in one respect: I believe that an abstract of judgment which makes reference to a document other than a final judgment is not in

12

substantial compliance with the requirements of the Texas Property Code[5] and, therefore, does not operate to create a lien.

This is not a situation in which an abstract of judgment is a reference to a valid judgment, but which incorrectly states the date it was rendered or even that it incorrectly states the interest rate the judgment recites. The majority points out that Section 52.003 of the Texas Property Code requires that an abstract of judgment "must show" the following:

> (1) the names of the plaintiff and defendant;
> (2) the birthdate and driver's license number of the defendant if available to the clerk or justice;
> (3) the number of the suit in which *the judgment* was rendered;
> (4) the defendant's address, or if the address is not shown in the suit, the nature of citation and the date and place of service of citation;
> (5) the date on which *the judgment* was rendered;
> (6) the amount for which *the judgment* was rendered and the balance due;
> (7) the amount of the balance due, if any, for all child support arrearage; and
> (8) the rate of interest specified in *the judgment*.

TEX. PROP. CODE ANN. § 52.003 (emphasis added). As can be seen, there are four references in the statute to the judgment itself. The judgment is central and antecedent to the creation of a valid lien.

Unless otherwise specially provided by law, only one final judgment shall be rendered in any cause. *Crabtree v. Crabtree*, 627 S.W.2d 486, 487 (Tex. App.—Corpus Christi 1981, no writ); *Hammett v. Lee*, 730 S.W.2d 350, 351 (Tex. App.—Dallas 1987, writ dism'd w.o.j.). When a judgment is modified, the original judgment becomes, for all practical purposes, a nullity. TEX. R. CIV. P. 329b.

---

[5]TEX. PROP. CODE ANN. § 52.003 (Vernon 2007).

13

The judgment which was abstracted here was the original judgment dated October 16, 2003; the abstract of judgment was issued by the clerk of the court on the following day, October 17, 2003. A final (amended) judgment in the case was not rendered until October 19, 2003. Therefore, the abstract of judgment could not have made reference to "the judgment" rendered in the matter; it did not exist until after the abstract of judgment was entered. The abstract of judgment made reference to a judgment which was no longer in force and effect.

While it is true that the information contained in the abstract of judgment provided information from which the information about the location of the final judgment could be gleaned, that is not what the statute requires. An affidavit, duly filed with the county clerk, would likewise provide that information, but it would not operate to affix a lien.

My difference with the majority lies in what is meant by "substantial compliance" with the requirements for a valid abstract of judgment. I believe that reference in an abstract of judgment to an invalid judgment is not substantial compliance with the statute and, therefore, does not create a valid lien.

I respectfully dissent.

Bailey C. Moseley
Justice

Date Submitted:    October 2, 2008
Date Decided:      November 12, 2008