

## In the
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

No. 06-23-00072-CV

IN THE INTEREST OF R.K.F. AND D.J.F., CHILDREN

On Appeal from the 123rd District Court
Panola County, Texas
Trial Court No. 2019-033

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

This is a pickup/drop off location battle between divorced parents that has given rise to a question of the trial court's ability to clarify the custody provision(s) of a divorce decree. The trial court entered its final decree of divorce that contained a possession and access order on April 4, 2019. On April 11, 2023, the trial court entered its order modifying the possession and access order. Two days later, Mother filed a motion to clarify the April 11 order, which the trial court granted on August 2, 2023. In this pro se appeal, Father seeks to reverse the trial court's clarification order. Because we find that the trial court did not abuse its discretion when it entered the clarification order, we will affirm the trial court's clarification order.

## I.    Background

Mother and Father have two minor children, R.K.F. and D.J.F.[1] In its divorce decree, the trial court appointed Mother and Father joint managing conservators of the children and granted Mother the exclusive right to designate the primary residence of the children within a specified geographical area. The possession and access order decreed the beginning and ending times of Father's periods of possession of the children on certain weekends, holidays, spring vacation, and in the summer. In addition, the order provided that Father would have possession of the children "[o]ne day during the week that [was] mutually agreed upon by the parties." It also provided that Mother must exchange the children with Father at her residence or the children's school at the beginning of his possession and that Father must return the children to Mother at her residence or the children's school at the end of his period of possession.

---

[1]To protect the privacy of the minor children, we refer to them by their initials and to their parents as Mother and Father. *See* TEX. R. APP. P. 9.9.

According to Father, he brought a Second Motion for Enforcement of Possession or Access and Third Amended Cross-Petition to Modify Parent-Child Relationship (Petition to Modify) before the trial court, which was heard on January 31, 2023.[2] Apparently, a dispute arose between the parties regarding a proposed order drafted by Father after the January 31 hearing. After an additional hearing on April 11, 2023, the trial court entered its order modifying the parent-child relationship (Order in Suit to Modify). Regarding possession and access, the order modified, somewhat, the beginning and ending times that Father would have possession of the children on certain weekends, holidays, spring vacation, and in the summer. The order no longer contained a clause giving Father possession one day a week by mutual agreement. The order added a clause setting a specific date and time:

> 3.   Tuesdays – On Tuesdays of each week during the regular school term, beginning at the time the child[ren]'s school is regularly dismissed and ending at 8:00 PM on that same day.

In addition, the order replaced the original exchange clause with the following:

> Except as otherwise expressly provided in this Possession Order, the terms and conditions of possession of the child[ren] that apply regardless of the distance between the residence of a parent and the child[ren] are as follows:
>
> 1.   Exchange of Child[ren] by Both Parties – If school is in session and [sic] the time of exchange, the party entitled to possession shall pick up the child[ren] from school. If school is not in session at the time of exchange, the party out of possession shall pick up the child[ren] at the residence of the party in possession at the end of a period of possession.

(Exchange of Children Clause).

---

[2]Neither the Petition to Modify nor the transcript of the January 31 hearing is included in the appellate record.

## A.     The Change in Actual Practice

According to Father, between the January 31 hearing and the April 11 hearing, he picked the children up at their school for his Tuesday possession and *delivered them to Mother's residence* at the end of his possession period.

However, beginning on April 11, Father picked the children up at their school for his Tuesday possession and required Mother to *pick them up at his residence* at the end of his possession period.

## B.     The Motion for Clarification

On April 13, 2023, Mother filed her motion for clarification in which she asserted that the Exchange of Children Clause was ambiguous and asked the trial court to clarify its order in relation to where the exchange of the children should take place at the end of Father's period of possession on Tuesdays "to reflect the actual ruling of the Court." A hearing on the motion for clarification was held on May 3, 2023, after which the trial court agreed that the clause was ambiguous[3] and entered its order of clarification that provided, in relevant part,

> IT IS ORDERED [Father] shall have access to the children on Tuesdays of each week, during the regular school term, beginning at the time the child[ren]'s school is regularly dismissed and ending at 8:00 PM on that same day. IT IS FURTHER ORDERED [Father] shall pick the children up for said visitation upon their release from school each Tuesday and shall return the children to the residence of [Mother] at 8:00 p.m. that same day.

Father appeals.

---

[3]The trial court entered findings of fact and conclusions of law in which it found, among other things, that the order of clarification "was unclear and ambiguous as to the return of the child[ren] by [Father] at the end of his weekday periods of possession of the children <u>during the regular school term</u>."

4

## II.      Clarification Orders and Standard of Review

"We review a trial court's clarifying order for an abuse of discretion." *In re Marriage of McDonald*, 118 S.W.3d 829, 832 (Tex. App.—Texarkana 2003, pet. denied).  "A trial court abuses its discretion when it acts 'without reference to any guiding rules or principles; or in other words, [when it acts] arbitrarily or unreasonably.'"  *In re J.J.R.S.*, 627 S.W.3d 211, 218 (Tex. 2021) (alteration in original) (quoting *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam)).

A trial court is authorized to clarify an order it rendered in a family-law proceeding "if the court finds, on the motion of a party or on the court's own motion, that the order is not specific enough to be enforced by contempt." TEX. FAM. CODE ANN. § 157.421(a).  In doing so, it must "render[] an order that is specific enough to be enforced by contempt." TEX. FAM. CODE ANN. § 157.421(b).  Nevertheless, "[a] court may not change the substantive provisions of an order to be clarified[.]" TEX. FAM. CODE ANN. § 157.423(a).

"[F]or a person to be held in contempt for disobeying a court decree, the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him." *In re J.J.R.S.*, 627 S.W.3d at 223 (quoting *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex. 1967) (orig. proceeding)).  As a result, "[t]he order must not 'requir[e] inferences or conclusions about which reasonable persons might differ.'"  *In re Luther*, 620 S.W.3d 715, 722 (Tex. 2021) (per curiam) (orig. proceeding) (second alteration in original) (quoting *Ex parte Chambers*, 898 S.W.2d 257, 260 (Tex. 1995) (orig. proceeding)).  "A court order that fails to meet these requirements is not

5

'definite and certain enough to support a finding of contempt.'" *Id.* (quoting *Ex parte Hodges*, 625 S.W.2d 304, 306 (Tex. 1981) (orig. proceeding)). "As with other written instruments, whether a[n order rendered in a family law proceeding] is ambiguous is a question of law" and subject to de novo review. *Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003) (citing *Coker v. Coker*, 650 S.W.2d 391, 394 (Tex. 1983)).

"A clarification order is analogous to a judgment nunc pro tunc in that it cannot substantively change a final order." *In re V.M.P.*, 185 S.W.3d 531, 534 (Tex. App.—Texarkana 2006, no pet.) (quoting *In re Marriage of Ward*, 137 S.W.3d 910, 913 (Tex. App.—Texarkana 2004, no pet.)). "To be clerical in nature, the error must be one that is not the result of judicial reasoning, evidence, or determination." *Id.* (quoting *In re Marriage of Ward*, 137 S.W.3d at 913). "Correction of a clerical error does not effect a substantive change in the court's order." *Id.* (quoting *In re Marriage of Ward*, 137 S.W.3d at 913). "[W]hen an error results from inaccurately recording the decision of the court, the error is clerical." *Dickens v. Willis*, 957 S.W.2d 657, 659 (Tex. App.—Austin 1997, no pet.) (citing *Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986)). As a result, a judgment may "be corrected . . . if it incorrectly states the judgment actually rendered." *Rogers v. Peeler*, 271 S.W.3d 372, 376 (Tex. App.—Texarkana 2008, pet. denied) (citing *Escobar*, 711 S.W.2d at 231–32).[4] "On the other hand, judicial error results from judicial reasoning or determination." *In re V.M.P.*, 185 S.W.3d at 534 (quoting

---

[4]"Judgment is rendered when the trial court officially announces the decision in open court or by written memorandum filed with the clerk." *Rogers*, 271 S.W.3d at 376 (citing *S & A Rest. Corp. v. Leal*, 892 S.W.2d 855, 857 (Tex. 1995) (per curiam)).

*In re Marriage of Ward*, 137 S.W.3d at 913). "Substantive change results from correction of a judicial error." *Id.* (quoting *In re Marriage of Ward*, 137 S.W.3d at 913).

## III. Analysis

### A. The Change in the Clarification Order Was Clerical

In his first issue, Father asserts that the trial court erred because the clarification order made substantive changes in the Order in Suit to Modify. However, although Father cites Section 157.423 of the Texas Family Code and an El Paso Court of Appeals case[5] for the proposition that a clarification order may not make substantive changes to the order clarified, his brief provides no cogent argument or analysis of how the clarification order made substantive changes to the Order in Suit to Modify. "A brief must provide citations or argument and analysis for the contentions and failure to do this can result in waiver." *RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 126 (Tex. 2018) (citing TEX. R. APP. P. 38.1(i), 38.2(a)(1); *Ross v. St. Luke's Episcopal Hosp.*, 462 S.W.3d 496, 500 (Tex. 2015)).

Further, as previously noted, the transcript of the January 31 hearing was not included in the appellate record. "In almost every circumstance, it is the duty of the appellant to present a sufficient record to demonstrate that error was committed that requires the appellate court to render a reversal." *Yurik v. Phillips*, No. 06-15-00026-CV, 2015 WL 5460670, at *2 (Tex. App.—Texarkana Sept. 17, 2015, no pet.) (mem. op.) (citing *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.)). "The appellate record consists

---

[5]Father cites *Williams v. Williams* for the proposition that clarification proceedings should not be confused with modification proceedings. *Williams v. Williams*, 407 S.W.3d 770, 775 (Tex. App.—El Paso 2012, no pet.). While accurate, *Williams*, which only addressed the issue of whether the clarified order in that case was ambiguous, provides no guidance regarding whether the clarification order in this case made a substantive change to the Order in Suit to Modify.

of the clerk's record and, if necessary to the appeal, the reporter's record." *Id.* (quoting Tᴇx. R. Aᴘᴘ. P. 34.1). "When we are not provided with a reporter's record, we indulge every presumption to support the finding made by the trial court." *Id.* (citing *Bryant v. United Shortline, Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998)). "[W]hen an appellant fails to bring a reporter's record, an appellate court must presume the evidence presented was sufficient to support the trial court's order." *Id.* (alteration in original) (quoting *Willms v. Americas Tire Co.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied)).

In this case, the trial court heard the Petition to Modify on January 31. As a result, the transcript of that hearing was relevant to our analysis of whether the Order in Suit to Modify correctly stated the trial court's rendition on January 31 regarding where the exchange of the children should take place at the end of Father's period of possession on Tuesdays. In her motion for clarification, Mother asserted that her request to clarify that Father was to return the children to Mother's residence at the end of his Tuesday possession period "reflect[ed] the actual ruling of the" trial court. This assertion could only refer to the trial court's rendition of judgment at the January 31 hearing. The trial court's comments at the May 3 hearing on the motion for clarification also indicate that that was the trial court's understanding.[6]

Because Father did not bring forward the reporter's record from the January 31 hearing for inclusion in the appellate record, we must presume that it was sufficient to support the

---

[6]The trial court observed:

> I analyzed it completely differently. I was focused on whether school was in session. So if school's in session, whether school is not in session, like, school's not in session when you're out for summer or out for Christmas Holiday, you know, like, on a school break. So I envision when school is in session, he would pick up the child[ren] and return the child[ren] to the mom. When the school is not in session, like during the summer, she would come pick up the child[ren].

8

clarification order. *See id.* As a result, we may presume that the Order in Suit to Modify did not correctly state the trial court's rendition on January 31 regarding where the exchange of the children should take place at the end of Father's period of possession on Tuesdays. Thus, the error was clerical and could be corrected by a clarification order without effecting a substantive change. *See In re V.M.P.*, 185 S.W.3d at 534; *Rogers*, 271 S.W.3d at 376; *Dickens*, 957 S.W.2d at 659. We overrule this issue.

**B.      The Order in Suit to Modify Was Not Enforceable by Contempt**

As noted earlier, the Texas Family Code authorizes a trial court to clarify an order it rendered in a family law proceeding "if the court finds . . . that the order is not specific enough to be enforced by contempt." TEX. FAM. CODE ANN. § 157.421(a). To be enforceable by contempt, "the decree must spell out the details of compliance in clear, specific and unambiguous terms so that such person will readily know exactly what duties or obligations are imposed upon him." *In re J.J.R.S.*, 627 S.W.3d at 223 (quoting *Ex parte Slavin*, 412 S.W.2d at 44). Father contends that the clarification order was improper because the Order in Suit to Modify was unambiguous and enforceable by contempt.

"We construe orders under the same rules of interpretation as those applied to other written instruments." *Mason-Gibson, Inc. v. Sloan Valve Co.*, No. 06-21-00108-CV, 2022 WL 1434113, at *4 (Tex. App.—Texarkana May 6, 2022, pet. dism'd) (mem. op.) (quoting *Payless Cashways, Inc. v. Hill*, 139 S.W.3d 793, 795 (Tex. App.—Dallas 2004, no pet.)). When we analyze a trial court's order, we "construe[] [it] as a whole to harmonize and give effect to the entire decree." *Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003) (citing *Constance v.*

9

*Constance*, 544 S.W.2d 659, 660 (Tex. 1976)). We give undefined terms their "common, ordinary meaning" and "look first to dictionary definitions." *Anadarko Petroleum Corp. v. Hous. Cas. Co.*, 573 S.W.3d 187, 192 (Tex. 2019).

At the May 3 hearing, the parties argued over the meaning of "if school is (or is not) in session at the time of exchange" in the Exchange of Children Clause. Mother argued whether "school is in session" referred to the broader meaning of "session," i.e., "the period during the year . . . in which a school conducts classes." *Session*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2003). Father argued that the term referred to the narrower meaning of "session," i.e., "the period during the . . . day in which a school conducts classes."[7] *Id*. Both of these are within the common, ordinary meaning of "session."

Further, there is support in the language used in other clauses of the order that support both parties' arguments. In clauses that address the effect of holidays on Father's period of possession, the order provides for an extension of his period of possession when a "holiday . . . falls on a Friday [or Monday] during the summer months when school is not in session." Those clauses lend support to Mother's argument that "school is in session" is used in its broader meaning. At the same time, the order also uses "during the regular school term" in several clauses. That term appears to be synonymous with the broader meaning of "session" and would support an argument that it limits the meaning of "school is in session" in the order to its narrower meaning.

---

[7]None of Father's arguments on appeal address the meaning of "session" as used in the Exchange of Children Clause and as applied to Father's Tuesday period of possession, which were the issues in dispute in the trial court. As a result, his arguments on appeal are inapposite.

10

We find that both Mother's and Father's interpretations of "school is in session" are reasonable since both interpretations are supported by the common, ordinary meaning of "session" and by the usage of the phrase and similar phrases in other clauses of the order. As a result, there is not a clear meaning of "school is in session" as used in the Exchange of Children Clause.[8] Under that clause, the parties' interpretations impose contradictory obligations on the parties in relation to the exchange of the children at the end of Father's Tuesday period of possession.

Under Mother's interpretation, school is in session on all the days during those periods of the year the school holds classes. This means that for Father's Tuesday periods of possession, which only occur during "the regular school term," school is in session. As a result, the first sentence of the Exchange of Children Clause would apply at the *end* of Father's period of possession: "the party entitled to possession [(Mother)] shall pick up the child[ren] from school." To be in compliance with the order, Father would be required to deliver the children to Mother at their school at the end of his Tuesday period of possession.

Conversely, under Father's interpretation, school is in session only until classes are dismissed on any given day that the school has classes. This means that, for Father's Tuesday periods of possession, school is not in session at the end of his possession period. As a result, the second sentence of the Exchange of Children Clause would apply at the *end* of Father's period of possession: "the party out of possession [(Mother)] shall pick up the child[ren] at the residence

---

[8]We do not hold that the use of "school is in session" in a trial court's order will be unclear in all cases. In many orders, the meaning of the term will be readily apparent by the consistency of its use throughout the order, and the non-use of similar terms that may bring confusion. In such cases, if a party asserted a meaning that was inconsistent with the term's use throughout the order, the party's interpretation would not be reasonable, even if that interpretation was a possible meaning as defined by a dictionary.

of the party in possession [(Father)]." To be in compliance with the order, Father would be required to deliver the children to Mother at his residence at the end of his Tuesday period of possession.

Because both interpretations are reasonable but produce contradictory obligations on Father at the end of his Tuesday period of possession, we find that the Order in Suit to Modify did not meet the requirement that it "spell out the details of compliance in clear, specific and unambiguous terms so that [Father would] readily know exactly what duties or obligations [were] imposed upon him." *In re J.J.R.S.*, 627 S.W.3d at 223 (quoting *Ex parte Slavin*, 412 S.W.2d at 44). As a result, the order was "not specific enough to be enforced by contempt," and the trial court was authorized to enter a clarification order. TEX. FAM. CODE ANN. § 157.421(a). Therefore, we find that the trial court did not abuse its discretion, and we overrule Father's second issue.

## IV.     Disposition

For the reasons stated, we affirm the trial court's clarification order.[9]

Jeff Rambin
Justice

Date Submitted:     May 1, 2024
Date Decided:       May 20, 2024

---

[9]We likewise deny Father's motion to stay the enforcement of the clarification order.